UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| Praesum Healthcare Services, LLC, | Case No. 25-19335-EPK |
| | (Jointly Administered) |
| Debtors. | Chapter 11 |
| _____/ | |
| Evolve Recovery Center, LLC, | Case No. 25-19336-EPK |
| Debtor. | Chapter 11 |
| _____/ | |
| Evolve Recovery Center at Millbury LLC, | Case No. 25-19340-EPK |
| Debtor. | Chapter 11 |
| _____/ | |
| Sunrise Detox Alpharetta, LLC, | Case No. 25-19343-EPK |
| Debtor. | Chapter 11 |
| _____/ | |
| Sunrise Detox Brentwood, LLC, | Case No. 25-19346-EPK |
| Debtor. | Chapter 11 |
| _____/ | |
| Sunrise Detox Cherry Hill, LLC, | Case No. 25-19348-EPK |
| Debtor. | Chapter 11 |
| _____/ | |
| Sunrise Detox Duluth, LLC, | Case No. 25-19356-EPK |
| Debtor. | Chapter 11 |
| _____/ | |
| Sunrise Detox III, LLC, | Case No. 25-19359-EPK |
| Debtor. | Chapter 11 |
| _____/ | |

4925-1993-7630, v. 1

| | |
|---|---|
| Sunrise Detox Millbury, LLC, | Case No. 25-19362-EPK |
| Debtor. _____/ | Chapter 11 |
| Sunrise Detox Orlando, LLC, | Case No. 25-19363-EPK |
| Debtor. _____/ | Chapter 11 |
| Sunrise Detox Toms River, LLC, | Case No. 25-19365-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Cherry Hill, LLC, | Case No. 25-19366-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Clark, LLC, | Case No. 25-19367-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Duluth, LLC, | Case No. 25-19368-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Fair Lawn, LLC, | Case No. 25-19337-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Freehold, LLC, | Case No. 25-19339-EPK |
| Debtor. _____/ | Chapter 11 |

| | |
|---|---|
| The Counseling Center at Middlesex, LLC, | Case No. 25-19341-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Robbinsville, LLC, | Case No. 25-19342-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Roswell, LLC, | Case No. 25-19344-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Roxbury, LLC, | Case No. 25-19345-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at the Brunswicks, LLC, | Case No. 25-19347-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Toms River, LLC, | Case No. 25-19349-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at West Caldwell, LLC, | Case No. 25-19351-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Yorktown Heights, LLC, | Case No. 25-19352-EPK |
| Debtor. _____/ | Chapter 11 |

4925-1993-7630, v. 1

| | |
|---|---|
| Beacon Point Recovery Center LLC, | Case No. 25-19354-EPK |
| Debtor. _____/ | Chapter 11 |
| Sunrise Detoxification Center, LLC, | Case No. 25-19355-EPK |
| Debtor. _____/ | Chapter 11 |
| Sunrise Detox II, LLC, | Case No. 25-19357-EPK |
| Debtor. _____/ | Chapter 11 |
| The Counseling Center at Millbury, LLC, | Case No. 25-19358-EPK |
| Debtor. _____/ | Chapter 11 |

### *EXPEDITED* JOINT MOTION TO AUTHORIZE DEBTORS' CONTINUED USE OF CASH COLLATERAL EFFECTIVE AS OF THE PETITION DATE

**\*\*Expedited Hearing Requested\*\***

**Basis for Expedited Relief**

**The 28 affiliated Debtors in these matters need use of cash collateral in order for the Debtors to continue to operate and maintain their going concern values. Accordingly, each of the Debtors will suffer immediate and irreparable harm if they are not authorized to use cash collateral to operate their businesses. The 28 affiliated Debtors respectfully request that this motion be set for hearing on or before August 15, 2025.**

The following twenty-eight chapter 11 Debtors, (1) Praesum Healthcare Services, LLC, (2) Evolve Recovery Center, LLC, (3) Evolve Recovery Center at Millbury LLC, (4) Sunrise Detox Alpharetta, LLC, (5) Sunrise Detox Brentwood, LLC, (6) Sunrise Detox Cherry Hill, LLC, (7)

4

Sunrise Detox Duluth, LLC, (8) Sunrise Detox III, LLC, (9) Sunrise Detox Millbury, LLC, (10) Sunrise Detox Orlando, LLC, (11) Sunrise Detox Toms River, LLC, (12) The Counseling Center at Cherry Hill, LLC, (13) The Counseling Center at Clark, LLC, (14) The Counseling Center at Duluth, LLC, (15) The Counseling Center at Fair Lawn, LLC, (16) The Counseling Center at Freehold, LLC, (17) The Counseling Center at Middlesex, LLC, (18) The Counseling Center at Robbinsville, LLC, (19) The Counseling Center at Roswell, LLC, (20) The Counseling Center at Roxbury, LLC, (21) The Counseling Center at the Brunswicks, LLC, (22) The Counseling Center at Toms River, LLC, (23) The Counseling Center at West Caldwell, LLC, (24) The Counseling Center at Yorktown Heights, LLC, (25) Beacon Point Recovery Center LLC, (26) Sunrise Detoxification Center, LLC, (27) Sunrise Detox II, LLC, and (28) The Counseling Center at Millbury, LLC (the "**Debtors**"), by and through their undersigned counsel and pursuant to 11 U.S.C. §§ 105(a) and 363, each respectfully request that the Court enter an order authorizing the Debtors to continue to use cash collateral effective as of the Petition Date. In support, the Debtor states as follows:

### RULE 4001(b)(1)(B) CONCISE STATEMENT SUMMARIZING RELIEF

- **Name of Each Entity with a Cash Collateral Interest:** The following creditors may have an interest in the Debtors' cash collateral: (a) City National Bank of Florida; (b) C T Corporation System, As Representative; (c) ASD Special Healthcare, LLC dba Besse Medical; (d) Amerisourcebergen Drug Corporation; (e) United States Small Business Administration; (f) Navitas Credit Corp.; (g) Family Funding Group LLC; (h) First Corporate Solutions, As Representative; and (i) I Got Funded, LLC.

- **Purpose for the Use of Cash Collateral:** To operate the Debtors' businesses.

- **Material Terms:** The Debtors request interim use of cash collateral subject to the attached budget for a period of thirty days from the entry of an interim order, and further request that the Court schedule a hearing on final approval of the Debtor's use of cash collateral.

- **Adequate Protection**: All creditors which may claim an interest in cash collateral are

adequately protected by virtue of the fact that the Debtor will be operating on a balance sheet positive basis, and additional adequate protection is proposed in the form of replacement liens.

1. On August 13, 2025 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

2. Each of the 28 Debtors is operating its business and managing its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Debtor Praesum Healthcare Services, LLC is a Florida limited liability company located in Lake Worth, Florida. Praesum Healthcare Services, LLC provides administrative services to each of the 27 other Debtors, which each operate treatment facilities.

4. Specifically, the 27 treatment provider Debtors operate on the following continuum of care:

   a. **Detox**. Detox facilities operate at the most intensive level of care and provide residential patients with substance abuse treatment. The following **eleven** Debtors operate as Detox facilities in the following locations: Sunrise Detox Millbury, LLC (Massachusetts), The Counseling Center at Yorktown Heights, LLC (New York), Sunrise Detox Toms River, LLC (New Jersey), Sunrise Detox Cherry Hill, LLC (New Jersey), Beacon Point Recovery Center, LLC (Pennsylvania), Sunrise Detox Alpharetta, LLC (Georgia), Sunrise Detox Duluth, LLC (Georgia), Sunrise Detoxification Center, LLC (Florida), Sunrise Detox III, LLC (Florida), Sunrise Detox Orlando, LLC (Florida); and Sunrise Detox Brentwood, LLC (New York).

   b. **Residential**. Residential facilities operate at the next level of care and provide substance abuse treatment to residential patients. The following **three** Debtors

6

    operate Residential facilities in the following locations: Evolve Recovery Center at Millbury, LLC (Massachusetts), Sunrise Detox II, LLC (New Jersey), and Evolve Recovery Center, LLC (New Jersey);

  c. **Outpatient.** Outpatient facilities offer less intensive substance abuse and mental health treatment to non-residential patients. The following **thirteen** Debtors operate Outpatient facilities in the following locations: The Counseling Center at Millbury, LLC (Massachusetts), The Counseling Center at Freehold, LLC (New Jersey), The Counseling Center at Fair Lawn, LLC (New Jersey), The Counseling Center at Clark, LLC (New Jersey), The Counseling Center at Toms River, LLC (New Jersey), The Counseling Center at Cherry Hill, LLC (New Jersey), The Counseling Center at Roxbury, LLC (New Jersey), The Counseling Center at Middlesex, LLC (New Jersey), The Counseling Center at the Brunswicks, LLC (New Jersey), The Counseling Center at West Caldwell, LLC (New Jersey), The Counseling Center at Robbinsville, LLC (New Jersey), The Counseling Center at Roswell, LLC (Georgia), and The Counseling Center at Duluth, LLC (Georgia).

5. The 28 Debtors are affiliates that share common management and ownership.

6. The Debtor Praesum Healthcare Services, LLC is owned by non-debtors Timothy Doran and Morgan Poncy and managed by Timothy Doran. The other 27 Debtors are owned and managed by non-debtor Praesum Health, LLC. Praesum Health, LLC is owned and managed by non-debtor Praesum, LLC. Praesum, LLC is owned by Timothy Doran, Morgan Poncy, and others and managed by Timothy Doran.

4925-1993-7630, v. 1

7. In the ordinary course of their businesses, each day, Debtor Praesum Healthcare Services, LLC sweeps the cash received by each of the 27 treatment provider Debtors into a bank account maintained by Debtor Praesum Healthcare Services, LLC. Debtor Praesum Healthcare Services, LLC pays the operating expenses of each of the 27 treatment provider Debtors.

8. In 2023, Debtor Praesum Healthcare Services, LLC received $23,000,000 in financing from City National Bank of Florida secured by a blanket lien. Each of the other 27 treatment provider Debtors are guarantors of the loan facility, and the guarantees are also secured by blanket liens.

9. Additionally, the following creditors (together, with City National Bank of Florida, the "**Creditors**"), may have outstanding loans secured by liens on the Debtors' receivables and other assets:

   a. C T Corporation System, As Representative;

   b. ASD Special Healthcare, LLC dba Besse Medical;

   c. Amerisourcebergen Drug Corporation;

   d. United States Small Business Administration;

   e. Navitas Credit Corp.;

   f. Family Funding Group LLC;

   g. First Corporate Solutions, As Representative; and

   h. I Got Funded, LLC;

10. In May of 2025, City National Bank of Florida declared the loan facility in ***non-payment*** default, initiated a lawsuit in Florida state court against the Debtors, and sought appointment of a receiver.

4925-1993-7630, v. 1

11. For these reasons, on August 13, 2025, the 28 Debtors each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in order to preserve their going concern value and to reorganize.

12. Each of the 28 Debtor is managing its affairs and operating its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

13. Attached hereto as **Exhibit A** is a consolidated budget (the "Budget") encompassing the Debtors' expected income and expenses for the next 30 days. Due to the expedited, interim nature of this Motion, attached as **Exhibit B** is a pro forma accounts receivable-specific balance sheet that demonstrates that the Debtors will operate in a balance sheet positive manner as it pertains to the Debtors' accounts receivable.

14. The Debtors require the use of cash collateral to fund the necessary operating expenses of their business. As set forth below, the Debtors request that the Court approve their use of cash collateral, effective as of the Petition Date, pursuant to the terms of the Budget and that the Court further authorize the Debtors to (a) exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (b) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget

## ARGUMENT

15. The Debtors' use of property of its estate is governed by Code section 363, which provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a

9

>hearing.

11 U.S.C. § 363(c)(1). A debtor in possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with § 363. *See* 11 U.S.C. § 1107(a).

16. When a chapter 11 debtor in possession is authorized to operate its business, it may use property of estate in the ordinary course of business, but is prohibited from using cash collateral absent consent of the secured creditor or court authorization. 11 U.S.C. § 363(c). The Code defines "cash collateral" as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . ." 11 U.S.C. § 363(a).

17. It is appropriate for the Court to authorize the Debtors to use cash collateral because (a) all creditors with a potential interest in the Debtors' cash collateral are being adequately protected and (b) such use will preserve the going concern value of the Debtors' estates.

### A. Secured Creditors Are Adequately Protected.

18. The Bankruptcy Code does not define "adequate protection" but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in its collateral. *See* 11 U.S.C. § 361; *see In re Potvin Lumber Company, Inc.*, 24 B.R. 54 (Bankr. D. Vt. 1982) (ordering that the debtor could use cash collateral and finding that the bank was adequately protected because the total value of the debtor's personal property exceeded the bank's indebtedness).

19. Adequate protection is to be determined on a case-by-case factual analysis. *See Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re*

*Martin*, 761 F.2d 472 (8th Cir. 1985); *see also* S. Rep. No. 95-989, 95th Cong., 2d Sess. 54 (1978). For example, *O'Connor* states that "[i]n order to encourage the Debtors' efforts in the formative period prior to the proposal of a reorganization, the court must be flexible in applying the adequate protection standard." 808 F.2d at 1396. (citations omitted).

20. Adequate protection is meant to ensure that a secured creditor receives the value for which it originally bargained pre-bankruptcy. *Swedeland Dev. Group., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) (citation omitted). The essence of adequate protection is to ensure the maintenance and continued responsibility of lien values during the interim between filing and confirmation in a case. *In re Arriens*, 25 B.R. 79, 81 (Bankr. D. Or. 1982).

21. As set forth above, City National Bank of Florida is secured by blanket liens, including liens on the Debtors' receivables. Thus, City National Bank of Florida has an interest in the Debtors' cash collateral. Moreover, the other Creditors listed above may have an interest in the Debtor's cash collateral. In addition to the fact that the Debtors' accounts receivable balance sheet positive operations will not impair City National Bank of Florida or the other Creditors, the adequate protection provided to City National Bank of Florida and the other Creditors includes replacement liens against the property of the Debtors for any use of cash collateral, with such liens having the same seniority and entitled to the same level of priority as the Creditors' existing liens against the Debtors' property.

22. The Debtors' requested use of cash collateral and the protections afforded to parties with a potential interest in cash collateral herein are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of collateral.

**B.    Cash Collateral Use Will Preserve the Debtor's Going Concern Value.**

23. The continued operation of the Debtors' businesses will preserve their going concern value, enable the Debtors to capitalize on that value through a reorganization strategy, and ultimately facilitate the Debtors' ability to confirm a plan. However, if the Debtors are not allowed to use cash collateral, especially through the regular collection of their accounts receivable, they will be unable to operate.

24. It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern:

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use "cash collateral" in its efforts to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

*In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984); *see In re Stein*, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982) (debtor permitted to use cash collateral when creditor was undersecured because such use was necessary to its continued operations and the creditor's secured position can only be enhanced by the continued operation of the debtor's business).

25. If the Debtors cannot use cash collateral, they will be forced to cease operations. By contrast, permitting cash collateral use will allow the Debtors to maintain operations and preserve the going concern value of its business which will inure to the benefit of all creditors.

**WHEREFORE**, the Debtors requests that this Court enter an order: (a) authorizing, retroactive to the Petition Date, the Debtors' use of cash collateral in accordance with the Budget and the terms set forth herein for a period of thirty (30) days from the date the Court grants the Motion; (b) granting the replacement liens set forth above in connection with the Debtors' use of cash collateral; (c) scheduling a final hearing; and (d) granting the Debtors such other and further

relief as is just and proper.

                                          Respectfully submitted,

                                          **SHRAIBERG PAGE P.A.**
                                          Proposed Attorneys for the Debtors
                                          2385 NW Executive Center Drive, Suite 300
                                          Boca Raton, Florida 33431
                                          Telephone: 561-443-0800
                                          Facsimile: 561-998-0047
                                          Email: bss@slp.law
                                          Email: ependergraft@slp.law

                                        By: */s/ Bradley S. Shraiberg*
                                                Bradley S. Shraiberg
                                                Florida Bar No. 121622
                                                Eric Pendergraft
                                                Florida Bar No. 91927

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service on August 14, 2025.

                                          */s/ Bradley S. Shraiberg*

"EXHIBIT A"

**PRAESUM HEALTHCARE SERVICES**
**STATEMENT OF CASH FLOW 2025**

|  | 8/14/2025 | 1 | 2 | 3 | 4 |
|---|---|---|---|---|---|
|  | Actual thru 8/14/2025 | Projected | Projected | Projected | Projected |
| **CASH RECEIVED** | 8/15/2025 | 8/22/2025 | 8/29/2025 | 9/5/2025 | 9/12/2025 |
| Beginning Cash Balance | 6,845,127 | 5,439,133 | 3,057,930 | 2,916,644 | 2,082,473 |
| Loan Proceeds |  |  |  |  |  |
| Receivables Collected | 615,474 | 994,000 | 1,094,000 | 1,194,000 | 1,294,000 |
| Legacy AR Collected |  |  |  |  |  |
| Other Cash Received |  |  |  |  |  |
| **Total Cash Available** | 7,460,601 | 6,433,133 | 4,151,930 | 4,110,644 | 3,376,473 |
| **CASH DISBURSED** |  |  |  |  |  |
| Salaries and Wages | 1,059,235 | 1,805,000 |  | 1,630,000 |  |
| 1099 Wages |  | 350,000 |  |  |  |
| Insurance and Benefits | 75,955 | 254,616 | 51,000 |  |  |
| Patient Supplies | 68,388 | 14,500 | 14,500 | 14,500 | 14,500 |
| Rents | 4,356 | 300,000 | 751,586 |  |  |
| Janitorial | 45,000 | 70,000 | 20,000 | 70,000 | 10,000 |
| Repairs and Maintenance |  | 5,000 | 5,000 | 15,000 | 5,000 |
| Utilities |  | 20,000 | 20,000 | 40,000 |  |
| Professional Fees | 310,000 | 23,000 | 23,000 | 23,000 | 23,000 |
| IT Cost | 21,684 | 25,000 | 60,000 | 21,684 |  |
| Travel and Entertainment | 2,000 |  | 5,000 |  |  |
| Insurance | 46,105 |  | 65,000 |  |  |
| Other Admin | 11,921 | 31,987 |  | 31,987 |  |
| Marketing |  | 171,100 | 5,200 | 7,000 | 9,000 |
| Property Taxes |  |  | 40,000 |  |  |
| Other Expenses (One Time) |  |  |  |  |  |
|  |  |  |  |  |  |
| **Total Disbursements Operating** | 1,644,643 | 3,070,203 | 1,060,286 | 1,853,171 | 61,500 |
| **OTHER ITEMS** |  |  |  |  |  |
| Balance Before Other Items | 5,815,958 | 3,362,930 | 3,091,644 | 2,257,473 | 3,314,973 |
| Debt Service | 51,000 | 305,000 | 175,000 | 175,000 | 226,000 |
| Other Debt | 150,824 |  |  |  |  |
| Build out |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
| Taxes and Other Expenses | 175,000 |  |  |  |  |
| **Total Non-Operating Disbursements** | 376,824 | 305,000 | 175,000 | 175,000 | 226,000 |
| **End Of Week Balance** | 5,439,133 | 3,057,930 | 2,916,644 | 2,082,473 | 3,088,973 |
|  |  |  |  |  |  |
| **Total Weekly Spend** | 2,021,467.40 | 3,375,203.30 | 1,235,286.02 | 2,028,171.27 | 287,500.00 |
|  |  |  |  |  |  |
| **Deposits Less Expenditures** |  | (1,405,993.56) | (2,381,203.30) | (141,286.02) | (834,171.27) | 1,006,500.00 |

## Praesum Healthcare & Affiliates LLC (CNB Obligating Entities only)
## Balance Sheet TTM Projection 2025

|  | Projection Sep 2025 | Current AR Actual Aug 2025 |
|---|---|---|
| Total Accounts Receivable Net | 59,377,247 | 54,377,247 |