


**ORDERED in the Southern District of Florida on August 18, 2025.**

**Erik P. Kimball**
**Chief United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:**

**PRAESUM HEALTHCARE SERVICES, LLC, *et al.*,**[1]
_______________________________/

**Case No. 25-19335-EPK**
**Chapter 11**
**(Jointly administered)**

**ORDER DIRECTING U.S. TRUSTEE TO APPOINT PATIENT CARE OMBUDSMAN**

This matter came before the Court *sua sponte* for the purpose of appointing a patient care ombudsman pursuant to 11 U.S.C. § 333.

---

[1] The 28 Debtors in these jointly administered cases are: (1) Praesum Healthcare Services, LLC, Case No. 25-19335-EPK; (2) Evolve Recovery Center, LLC, Case No. 25-19336-EPK; (3) Evolve Recovery Center at Millbury LLC, Case No. 25-19340-EPK; (4) Sunrise Detox Alpharetta, LLC, Case No. 25-19343-EPK; (5) Sunrise Detox Brentwood, LLC, Case No. 25-19346-EPK; (6) Sunrise Detox Cherry Hill, LLC, Case No. 25-19348-EPK; (7) Sunrise Detox Duluth, LLC, Case No. 25-19356-EPK; (8) Sunrise Detox III, LLC, Case No. 25-19359-EPK; (9) Sunrise Detox Millbury, LLC, Case No. 25-19362-EPK; (10) Sunrise Detox Orlando, LLC, Case No. 25-19363-EPK; (11) Sunrise Detox Toms River, LLC, Case No. 25-19365-EPK; (12) The Counseling Center at Cherry Hill, LLC, Case No. 25-19366-EPK; (13) The Counseling Center at Clark, LLC, Case No. 25-19367-EPK; (14) The Counseling Center at Duluth, LLC, Case No. 25-19368-EPK; (15) The Counseling Center at Fair Lawn, LLC, Case No. 25-19337-EPK; (16) The Counseling Center at Freehold, LLC, Case No. 25-19339-EPK; (17) The Counseling Center at Middlesex, LLC, Case No. 25-19341-EPK; (18) The Counseling Center at Robbinsville, LLC, Case No. 25-19342-EPK; (19) The Counseling Center at Roswell, LLC, Case No. 25-19344-EPK; (20) The Counseling Center at Roxbury, LLC, Case No. 25-19345-EPK; (21) The Counseling Center at Brunswicks, LLC, Case No. 25-19347-EPK; (22) The Counseling Center at Toms River, LLC, Case No. 25-19349-EPK; (23) The Counseling Center at West Caldwell, LLC, Case No. 25-19351-EPK; (24) The Counseling Center at Yorktown Heights, LLC, Case No. 25-19352-EPK; (25) Beacon Point Recovery Center LLC, Case No. 25-19354-EPK; (26) Sunrise Detoxification Center, LLC, Case No. 25-19355-EPK; (27) Sunrise Detox II, LLC, Case No. 25-19357-EPK; and (28) The Counseling Center at Millbury, LLC, Case No. 25-19358-EPK.

On August 13, 2025, (1) Praesum Healthcare Services, LLC, (2) Evolve Recovery Center, LLC, (3) Evolve Recovery Center at Millbury LLC, (4) Sunrise Detox Alpharetta, LLC, (5) Sunrise Detox Brentwood, LLC, (6) Sunrise Detox Cherry Hill, LLC, (7) Sunrise Detox Duluth, LLC, (8) Sunrise Detox III, LLC, (9) Sunrise Detox Millbury, LLC, (10) Sunrise Detox Orlando, LLC, (11) Sunrise Detox Toms River, LLC, (12) The Counseling Center at Cherry Hill, LLC, (13) The Counseling Center at Clark, LLC, (14) The Counseling Center at Duluth, LLC, (15) The Counseling Center at Fair Lawn, LLC, (16) The Counseling Center at Freehold, LLC, (17) The Counseling Center at Middlesex, LLC, (18) The Counseling Center at Robbinsville, LLC, (19) The Counseling Center at Roswell, LLC, (20) The Counseling Center at Roxbury, LLC, (21) The Counseling Center at the Brunswicks, LLC, (22) The Counseling Center at Toms River, LLC, (23) The Counseling Center at West Caldwell, LLC, (24) The Counseling Center at Yorktown Heights, LLC, (25) Beacon Point Recovery Center LLC, (26) Sunrise Detoxification Center, LLC, (27) Sunrise Detox II, LLC, and (28) The Counseling Center at Millbury, LLC (the "Debtors") filed petitions under chapter 11 of title 11 of the United States Code designating the Debtors as health care businesses. If a debtor is a health care business, 11 U.S.C. § 333(a)(1) directs the Court to order, "not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case." Bankruptcy Rule 2007.2(a) further provides that "the court shall order the appointment of a patient care ombudsman under § 333 of the Code, unless the court, on motion of the United States trustee or a party in interest filed no later than 21 days after the commencement of the case or within another time fixed by the court, finds that the appointment of a patient care ombudsman is not necessary under the specific circumstances of the case for the protection of patients."

Accordingly, the Court ORDERS that in one or more of these jointly administered cases, as the U.S. Trustee deems necessary and appropriate, the U.S. Trustee shall, within fourteen days of entry of this order, appoint a patient care ombudsman or file a motion with the Court to show that such appointment is not necessary for the protection of patients under the specific circumstances of the case(s).

###

Copies to:

All parties of record by the Clerk