

**ORDERED in the Southern District of Florida on August 22, 2025.**



        **Erik P. Kimball**
        **Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

PRAESUM HEALTHCARE SERVICES, LLC      Lead Case No. 25–19335–EPK
SERVICES, LLC, *et al.*,

    Debtors.                                     Chapter 11
                                                        (Jointly Administered)

_____/

**ORDER GRANTING *EMERGENCY* MOTION TO AUTHORIZE PAYMENT
OF PREPETITION WAGE OBLIGATIONS OF INDEPENDENT CONTRACTORS**

    **THIS MATTER** came before the Court for hearing on August 19, 2025, upon the *Emergency Motion to Authorize Payment of Prepetition Wage Obligations of Independent Contractors* (the "Motion") filed by debtors in possession, Praesum Healthcare Services, LLC *et al.* (the "Debtors"). ECF No. 32.[1] The Court, having reviewed the Motion, having heard

---

[1] The 28 Debtors in these jointly administered cases are: (1) Praesum Healthcare Services, LLC, Case No. 25-19335-EPK; (2) Evolve Recovery Center, LLC, Case No. 25-19336-EPK; (3) Evolve Recovery Center at Millbury LLC, Case No. 25-19340-EPK; (4) Sunrise Detox Alpharetta, LLC, Case No. 25-19343-EPK; (5) Sunrise Detox Brentwood, LLC, Case No. 25-19346-EPK; (6) Sunrise Detox Cherry Hill, LLC, Case No. 25-19348-EPK; (7) Sunrise Detox Duluth, LLC, Case No. 25-19356-EPK; (8) Sunrise Detox III, LLC, Case No. 25-19359-EPK; (9) Sunrise Detox Millbury, LLC, Case No. 25-19362-EPK; (10) Sunrise Detox Orlando, LLC, Case No. 25-19363-EPK; (11) Sunrise

{2297/000/00476541}

the statements of counsel, and being otherwise fully advised in the premises, makes the following **FINDINGS OF FACT:**

A. A sound business justification exists for the Debtors to pay the Contractors (as such term is defined in the Motion) the amounts owed for accrued wages, commissions and benefits owing to them for the month of July 2025, and to concurrently withhold any and all applicable taxes and benefit contributions, because many of the Contractors may seek other employment absent such payment.

B. The payment of the foregoing amounts is necessary to the reorganization process because the services supplied by the Contractors are necessary for the Debtors to maintain their business operations on an interim basis.

C. The Debtors' estates will be improved for the benefit of all creditors as a result of payments described herein.

D. The relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors' estates and is in the best interests of the Debtors, the estates, and their creditors.

It is therefore **ORDERED** that:

1. The Motion [ECF No. 32] is **GRANTED** as provided herein.

---

Detox Toms River, LLC, Case No. 25-19365-EPK; (12) The Counseling Center at Cherry Hill, LLC, Case No. 25-19366-EPK; (13) The Counseling Center at Clark, LLC, Case No. 25-19367-EPK; (14) The Counseling Center at Duluth, LLC, Case No. 25-19368-EPK; (15) The Counseling Center at Fair Lawn, LLC, Case No. 25-19337-EPK; (16) The Counseling Center at Freehold, LLC, Case No. 25-19339-EPK; (17) The Counseling Center at Middlesex, LLC, Case No. 25-19341-EPK; (18) The Counseling Center at Robbinsville, LLC, Case No. 25-19342-EPK; (19) The Counseling Center at Roswell, LLC, Case No. 25-19344-EPK; (20) The Counseling Center at Roxbury, LLC, Case No. 25-19345-EPK; (21) The Counseling Center at Brunswicks, LLC, Case No. 25-19347-EPK; (22) The Counseling Center at Toms River, LLC, Case No. 25-19349-EPK; (23) The Counseling Center at West Caldwell, LLC, Case No. 25-19351-EPK; (24) The Counseling Center at Yorktown Heights, LLC, Case No. 25-19352-EPK; (25) Beacon Point Recovery Center LLC, Case No. 25-19354-EPK; (26) Sunrise Detoxification Center, LLC, Case No. 25-19355-EPK; (27) Sunrise Detox II, LLC, Case No. 25-19357-EPK; and (28) The Counseling Center at Millbury, LLC, Case No. 25-19358-EPK.

      2.      The Debtors are **AUTHORIZED** to pay the prepetition compensation and related expenses set forth in Exhibit "A" to the Motion.

      3.      This Order shall not be subject to the twenty-one (21) day time prohibition proscribed by Fed. R. Bankr. P. 6003 because the relief granted herein is necessary to avoid immediate and irreparable harm to the Debtors' estates.

### 

Submitted by:

Bradley Shraiberg, Esq.
Shraiberg Page P.A.
Attorneys for the Debtors
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: (561) 443-0800
Facsimile: (561) 998-0047
bshraiberg@slp.law

*Bradley Shraiberg, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.*