## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF FLORIDA

In re:

SUNRISE DETOXIFICATION CENTER, LLC

d/b/a SUNRISE DETOX FORT LAUDERDALE,

Debtor.

FILED-USBC, FLS-WPB
'25 AUG 26 AM10:06

P A I D
#199 # 200894

_____/

Case No. 25-19355-EPK

Chapter 11

## ALEXIS DE VRIES' MOTION FOR RELIEF FROM AUTOMATIC STAY TO

## CONTINUE STATE COURT LITIGATION

### I. INTRODUCTION AND JURISDICTION

Movant, Alexis de Vries ("Movant"), pro se, on behalf of herself and her minor children

LUDV and LIDV, respectfully moves for relief from the automatic stay pursuant to 11 U.S.C.

§362(d)(1) and Fed. R. Bankr. P. 4001 and 9014, to continue pre-petition litigation currently

pending in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida

(Case No. 50-2023-CA-016964-XXXA-MB) (the "State Court Litigation"). Relief is sought

solely to permit liquidation of claims to judgment; Movant does not seek authority to enforce

any judgment against the Debtor *without further order of this Court.*

This Court has jurisdiction under 28 U.S.C. §1334(b). This is a core proceeding under 28

U.S.C. §157(b)(2)(G). Venue is proper under 28 U.S.C. §1408.

### II. FACTUAL BACKGROUND

1. Movant filed the State Court Litigation asserting claims against Sunrise

   Detoxification Center, LLC ("Debtor") for negligence, false imprisonment, intentional

infliction of emotional distress (IIED), negligent infliction of emotional distress, and violations of Florida statutory patient rights. The claims arise from Debtor's wrongful confinement of Movant in December 2021, during which false medical records were created to obtain insurance reimbursement.

2. On July 16, 2025, the state court entered an order compelling Debtor to respond to discovery by August 5, 2025 and imposing $400 in sanctions payable by August 15, 2025 (**Exhibit A**).

3. On July 21, 2025, Movant requested dates for depositions of Debtor's corporate representative and multiple key witnesses. Debtor's counsel failed to provide availability (**Exhibit C**).

4. On August 7, 2025, Movant inquired regarding Praesum Healthcare Services, LLC's relationship to Debtor Sunrise Detoxification, LLC d/b/a Sunrise Detox Ft. Lauderdale, believed to be Debtor's parent or affiliate. Debtor's counsel did not respond (**Exhibit D**).

5. On August 13, 2025, Debtor filed this Chapter 11 case. On August 15, 2025—two days post-petition—Debtor's counsel requested a 10-day extension to pay the $400 sanction without disclosing the bankruptcy filing (**Exhibit E**).

6. The state court has set Movant's pending motion for further sanctions and to deem requests for admission admitted for hearing on September 2, 2025, and Movant's Motion for Leave to Assert Claim for Punitive Damages for hearing on October 24, 2025 (**Exhibit B**).

7. Movant has submitted a sworn affidavit (**Exhibit F**) attesting to the above facts, ongoing prejudice to Movant and her children from delay, and her belief that Debtor maintains liability insurance covering the claims.

### III. LEGAL STANDARD

2

Section 362(d)(1) authorizes the Court to grant relief from the automatic stay "for cause." Cause is determined on a case-by-case basis. Courts frequently consider the non-exclusive factors articulated in *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990), and *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984), when deciding whether to permit pre-petition litigation to continue in another forum. Bad faith in filing also constitutes cause. See *In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994); see also *In re Glunk*, 342 B.R. 717, 735 (Bankr. E.D. Pa. 2006) (bankruptcy filed to avoid discovery/sanctions supports relief).

## IV. ARGUMENT

### A. Bad Faith Filing

Debtor commenced this Chapter 11 case on August 13, 2025, on the eve of discovery compliance, sanctions payment, and noticed depositions. The timing, coupled with Debtor's failure to respond to Movant's discovery and corporate-structure inquiries and its immediate post-petition request for a sanctions extension without disclosing the filing, strongly indicates a tactical filing to evade state-court obligations. Such circumstances constitute "cause" for stay relief. See *Laguna*, 30 F.3d at 737; *Glunk*, 342 B.R. at 735.

### B. Judicial Economy and Stage of Proceedings

The State Court Litigation has been actively litigated for approximately two years, including multiple amended pleadings, discovery orders, and imminent hearings on sanctions and punitive damages. The state court is familiar with the facts and Florida tort law at issue. Allowing that court to conclude liability and damages promotes judicial economy, avoids duplication, and expedites resolution. See *Sonnax*, 907 F.2d at 1286 (considering the interests of judicial economy and the progress of proceedings).

3

C. **Balance of Harms**

Maintaining the stay inflicts significant prejudice on Movant and her minor children, who continue to experience trauma and anxiety from the underlying events (**Exhibit F**). By contrast, any prejudice to Debtor is minimized where defense and indemnity are expected to be provided by insurance. See *IBM v. Fernstrom Storage & Van Co. (In re Fernstrom)*, 938 F.2d 731, 735 (7th Cir. 1991). On balance, the equities favor stay relief.

D. **Insurance Coverage**

Healthcare providers typically maintain liability insurance for claims of the type asserted here. To the extent coverage applies, recovery will be from insurance proceeds, not from estate assets, mitigating any impact on other creditors. See *In re Titan Energy, Inc.*, 837 F.2d 325, 329 (8th Cir. 1988).

E. **Nature of Claims**

Movant's claims for false imprisonment and IIED involve intentional wrongdoing— conduct the law does not readily excuse. See *Kawaauhau v. Geiger,* 523 U.S. 57, 61– 62 (1998) (defining "willful and malicious" injury in the dischargeability context). While Debtor is an LLC, the equitable principle remains: bankruptcy should not operate as a shield against adjudication of serious intentional tort allegations. Permitting the state court to liquidate the claims through judgment is the most efficient and fair course.

## V. CONCLUSION

1) The relevant *Sonnax/Curtis* factors—bad faith, judicial economy, balance of harms, and the availability of insurance—overwhelmingly support a finding of "cause" to lift the stay. Movant therefore requests that the Court enter an order:

2) granting relief from stay to permit continuation of the State Court Litigation through entry of judgment;

3) clarifying that Movant will not enforce any judgment against Debtor absent further order of this Court; and

4) waiving the 14-day stay of effectiveness under Fed. R. Bankr. P. 4001(a)(3).

/s/ Alexis de Vries this 26th Day of August 2025

Alexis de Vries, Pro Se

[ACP Participant – P.O. Box 6298, Tallahassee, FL 32314]

Email: 2012ladolcevita@gmail.com

7̶9̶7̶-6̶7̶5̶-9̶9̶7̶3

## CERTIFICATE OF SERVICE

I certify that on 26 August  2025, I served a true and correct copy of this Motion, with exhibits, by U.S. Mail upon the following:

• Bradley S. Shraiberg, Esq., Counsel for Debtor, Shraiberg Page P.A., bss@slp.law

2385 NW Executive Center Dr., Suite 300

Boca Raton, FL 33431

• Lizza C. Maldonado, Esq., Cole, Scott & Kissane, P.A., lizza.maldonado@csklegal.com and Hunter Walker, Esq., Cole, Scott & Kissane, P.A., hunter.walker@csklegal.com

222 Lakeview Avenue, Suite 500

West Palm Beach, FL, 33401

• Office of the United States Trustee, Region 21 – Miami,

51 S.W. 1st Ave., Suite 1204

Miami, FL 33130

• **The following 20 Largest Unsecured Creditors (as listed in Debtor's Official Form 204):**

 – City National Bank of Florida

 c/o Alan M. Grunspan

 Carlton Fields, PA

 700 NW 1st Ave, Ste 1200

 Miami, FL 33136

 – Paul Dasilva Filipe

 (address as listed in petition)

 – Amerisource Bergen Drug Corp

 PO Box 5188

 New York, NY 10087-5188

 – UMR

 PO Box 8022

 Wausau, WI 54402

 – Google

 1600 Amphitheatre Pkwy

 Mountain View, CA 94043

 – TenEleven Group, LLC

 Attn: Accounts Receivable

 Birmingham, AL 35202

– ZipRecruiter, Inc.

  Attn: Accounts Receivable

  Santa Monica, CA 90401

– The Holder Group

  247 Gregory Road, PO Box 662

  Franklin Lakes, NJ 07417

– Toms River Development, LLC

  2328 10th Ave N, Suite 302

  Lake Worth, FL 33461

– US Foods Inc

  PO Box 830237

  Philadelphia, PA 19182

– AFCO

  Attn: Payment Processing

  Rosemont, IL 60018-5187

– Ensora Health

  PO Box 748746

  Atlanta, GA 30384-8746

– Flint Analytics LLC

  38 W. Main Street

  Carmel, IN 46032

– Florence Doran

  (address as listed in petition)

– Navitas Credit Corp

PO Box 935204

Atlanta, GA 31193-5204

– Plutus Health, Inc

PO Box 733722

Dallas, TX 75373

– Salesforce.com Inc

PO Box 203141

Dallas, TX 75320-3141

– Strocko Consulting LLC

212 Warren St

New York, NY 10282

– Trusted Tech Team LLC

5171 California Av, Ste 250

Irvine, CA 92617

– Uline

ATTN: Accounts Receivable

Chicago, IL 60680-1741


Alexis de Vries, Pro Se

/S/ Alexis de Vries

[ACP Participant – P.O. Box 6298, Tallahassee, FL 32314]

Email: 2012ladolcevita@gmail.com

**EXHIBIT A**

**(LOWER COURT ORDER COMPELLING DISCOVERY)**

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA**

CASE NO.: 50-2023-CA-016964-XXXA-MB

ALEXIS DE VRIES, individually

and on behalf of minor children LUDV and LIDV,

Plaintiffs,

v.

SUNRISE DETOXIFICATION CENTER, LLC

 d/b/a SUNRISE DETOX FT. LAUDERDALE,

Defendant.

_____/

**ORDER GRANTING IN PART REGARDING PLAINTIFF'S MOTION TO COMPEL
AND FOR SANCTIONS**

THIS CAUSE came before the Court July 16, 2025, on Plaintiff's Motion to Compel and for Sanctions [D.E. 129] ("Motion"). The Court, having reviewed the filings Motion, Defendant Sunrise Detoxification Center, LLC's ("Defendant" or "Sunrise") Response, heard argument of the parties, and being otherwise fully advised in the premises, hereby ORDERS AND ADJUDGES as follows:

    1.  Plaintiff's Motion to Compel is GRANTED IN PART.

    2.  The Parties have conferred and have narrowed the pending issues to Requests for Production Nos. 1, 3, 4, 7, 12, 13, 15, 23 and 24.

    3.  The Motion is GRANTED as follows:

    a.  With respect to Plaintiff's Request for Production No. 1 and No. 4 – The pending objection regarding phone records is overruled , Defendant Sunrise Detoxification Center, LLC shall produce any internal logs, call records, or communication records in their possession pertaining to the Plaintiff that include call log detail records, or internal logs that the facility keeps for the period of ten (10) days before and after the Plaintiff's stay in Defendant's facility, specifically from December 16, 2021, through January 10, 2022.

    b.  Request for Production No. 3 – Identify the documents that have been produced that identify the names of employees and further provide documents that provide the names of all employees at Sunrise during the period of December 26, 2021 to December 31, 2021.

Case No. 50-2023-CA-016964-XXXA-MB

c.   Requests for Production Nos. 23 and 24, Defendant shall produce responsive documents with a narrowed look-back period of five (5) years from the date of Plaintiff's requests.

d.   As to the remaining requests as issue – Request Nos. 7, 12, 13, and 15 – Defendant's objections are overruled.

e.   All documents and materials responsive to the foregoing Requests for Production shall be produced within twenty (20) days of the date of this Order.

f.   With respect to Request for Production No. 3 and all other outstanding Requests for Production, including Nos. 4, 7, 12, 13, and 15, Defendant shall fully comply and produce all responsive documents in accordance with the Florida Rules of Civil Procedure.

4.   With respect to Requests for Production Nos. 23 and 24, Defendant shall produce responsive documents with a narrowed look-back period of five (5) years from the date of Plaintiff's requests.

5.   All documents and materials responsive to the foregoing Requests for Production shall be produced within twenty (20) days of the date of this Order.

6.   As to the Motion for Sanctions, Pursuant to Florida Rule of Civil Procedure 1.380(a)(4), Defendant Sunrise Detoxification Center, LLC shall pay to Plaintiff Alexis de Vries the sum of Four Hundred Dollars ($400.00) within thirty (30) days of the date of this Order, payable by certified check, for the cost of drafting the Motion.

DONE AND ORDERED in Palm Beach County, Florida.

50-2023-CA-016964-XXXA-MB    07/16/2025
Reid P. Scott.
Judge

Page 2 of 2

**EXHIBIT B**

**OMNIBUS MOTION FOR FURTHER SANCTIONS AND/OR CIVIL CONTEMPT FOR FAILURE TO FULLY COMPLY WITH ORDER GRANTING MOTION TO COMPEL AND FOR SANCTIONS AND TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUEST FOR ADMISSION**

Filing # 229185850 E-Filed 08/11/2025 07:24:40 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN

AND FOR PALM BEACH COUNTY, FLORIDA

Case No.: **502023CA016964XXXAMB**

Alexis de Vries, Pro Se and on behalf

of the interests of her minor LUDV and LIDV

Plaintiffs,

v.

SUNRISE DETOXIFICATION CENTER, L.L.C. d/b/a SUNRISE DETOX FORT
LAUDERDALE

Defendants.

_____/

**PLAINTIFF'S OMNIBUS MOTION FOR FURTHER SANCTIONS AND/OR CIVIL
CONTEMPT FOR FAILURE TO FULLY COMPLY WITH ORDER GRANTING
MOTION TO COMPEL AND FOR SANCTIONS AND TO DETERMINE
SUFFICIENCY OF AMENDED RESPONSES TO REQUEST FOR ADMISSION**

Plaintiff, ALEXIS DE VRIES, PRO SE, respectfully moves this Honorable Court for
an Order imposing further sanctions against Defendant, SUNRISE
DETOXIFICATION CENTER, LLC d/b/a SUNRISE DETOX FT. LAUDERDALE
("Defendant" or "Sunrise"), and/or finding Defendant in civil contempt for its willful
and continued failure to fully comply with this Court's "ORDER GRANTING IN PART
REGARDING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS" entered
on July 16, 2025 (the "Order") [D.E.180]. Plaintiff further moves this Court, pursuant
to Florida Rule of Civil Procedure 1.370, to determine the sufficiency of Defendant's
Amended Responses to Plaintiff's First Request for Admissions and to deem certain
matters admitted. As grounds for this Motion, Plaintiff states:

## I. INTRODUCTION

1. On July 16, 2025, the Court granted in part Plaintiff's Motion to Compel and for Sanctions and ordered Sunrise to produce specified discovery to narrowed Requests for Production within twenty (20) days and to pay a $400.00 monetary sanction within thirty (30) days. (D.E.180).

2. The twenty-day deadline for production fell on August 5, 2025. As of August 7, 2025, Sunrise had produced nothing. Plaintiff served notice of non-compliance by email on August 7, 2025. (Ex. A).

3. After Plaintiff's notice, Sunrise made a belated production consisting largely of generic policies and a staff list, but it failed to produce the specific, responsive documents compelled by the Court. Under Rule 1.380(a)(3), an evasive or incomplete response is treated as a failure to respond.

4. Upon notice that Plaintiff intended to file this motion, Defendant agreed to a further conferral on Thursday August 14, 2025, and delaying production.

5. Additionally, Defendant's Amended Responses to Plaintiff's First Request for Admissions, filed on August 8, 2025, are demonstrably deficient and fail to comply with Florida Rule of Civil Procedure 1.370, despite Plaintiff's prior conferral with Defendant's counsel on July 15, 2025, where Defendant agreed to amend these responses. On August 11, 2025 Defendant agreed to amend only number 10.

## II. BACKGROUND

6. The Order narrowed the outstanding issues to Requests for Production Nos. 1, 3, 4, 7, 12, 13, 15, 23, and 24 and compelled Sunrise to produce: (a) internal logs/call records/communications regarding Plaintiff for the period December 16, 2021 through January 10, 2022 (RFP Nos. 1 & 4); (b) identification of documents that identify employees and the names of all employees at Sunrise during December 26–31, 2021 (RFP No. 3); (c) documents responsive to RFP Nos. 7, 12, 13, and 15 (objections overruled); and (d) documents responsive to RFP Nos. 23 and 24 subject to a five-year look-back. (D.E.180).

7. The Order required production within twenty (20) days—by August 5, 2025—and payment of the $400.00 sanction within thirty (30) days—by August 15, 2025. (D.E. 180)

8. Prior to the July 16, 2025 Order, Plaintiff and Defendant's counsel conferred on July 15, 2025, regarding various discovery issues, including Defendant's initial responses to Plaintiff's First Request for Admissions. During this conferral, Defendant's counsel agreed to amend the responses to the Requests for Admission.

### III. DEFENDANT'S DEFICIENT COMPLIANCE AND CONTINUED NON-COMPLIANCE

#### A. Defendant's Deficient Production

9. On August 7, 2025, with no production received, Plaintiff emailed defense counsel to advise of the missed deadline and intent to seek relief. (Ex. A).

10. Thereafter, Sunrise provided a limited, untimely production consisting chiefly of generic policies and a 2021 staff list, which they deemed confidential in an email from Hunter Walker at 17:14 on Thursday August 7, 2025, which do not satisfy the Order. Plaintiff's deficiency chart summarizes the outstanding items. (Ex. C).

11. Pursuant to Florida Rule of Civil Procedure 1.380(a)(3), an evasive or incomplete answer must be treated as a failure to answer. Sunrise's production is legally equivalent to non-compliance.

12. Specific deficiencies include:

    a) RFP Nos. 1 & 4 (internal logs/call records/communications December 16, 2021 – January 10, 2022): No internal logs, call detail records, or communications were produced. Generic policy documents were provided instead.

    b) RFP No. 3 (identify documents that name employees; provide the names of all employees at Sunrise during December 26–31, 2021): Sunrise produced a 2021 staff list but did not identify which previously produced documents name employees, nor did it isolate employees on duty during the specific December 26–31, 2021 window or tie them to Plaintiff's care.

15

    c) RFP Nos. 7, 12, 13, 15, 23 & 24: No full medical chart or time logs for Plaintiff; no staffing logs/schedules for the admission dates; no EMR audit trail; no documents reflecting any Praesum involvement or agreements; no job descriptions of staff handling records; no communications with counsel regarding record handling and no privilege log.

    d) Sanction Payment: As of the filing of this Motion, Plaintiff has not yet received the $400.00 payment ordered by the Court, due August 15, 2025.

### B. Defendant's Deficient Amended Response to Request for Admission

13. On August 8, 2025, Defendant filed its Amended Responses to Plaintiff's First Request for Admissions.

14. These Amended Responses are demonstrably deficient and fail to comply with Florida Rule of Civil Procedure 1.370, which requires that responses specifically deny the matter or set forth in detail the reasons why the responding party cannot truthfully admit or deny. If lack of information or knowledge is given as a reason, the party must certify that a reasonable inquiry has been made and that the information known or readily obtainable is insufficient to enable a truthful admission or denial.

15. The specific deficiencies in Defendant's Amended Responses to Requests for Admission are as follows:

    a) **RFA No. 4 ("Admit that Plaintiff repeatedly requested to leave the Facility during her stay from 26 December 2021, to 31 December 2021."):** Defendant's response, "Denied as phrased," is evasive and fails to specifically deny the matter or set forth in detail the reasons why it cannot truthfully admit or deny. This type of response is insufficient under Rule 1.370.

    b) **RFA No. 8 ("Admit that the Facility did not provide Plaintiff with a psychological or psychiatric evaluation during her stay."):** Defendant's response, "Denied as phrased," is evasive and fails to specifically deny the matter or set forth in detail the reasons why it cannot truthfully admit or deny.

16

c) **RFA No. 10 ("Admit that the Facility required Plaintiff to make phone calls on speakerphone in the presence of staff."):**Defendant's response, "Without knowledge at this time, therefore, denied," is deficient as it fails to certify that a reasonable inquiry has been made and that the information known or readily obtainable is insufficient to enable a truthful admission or denial, as explicitly required by Florida Rule of Civil Procedure 1.370.

d) **RFA No. 11 ("Admit that the Facility did not have a court order or other legal authority to detain Plaintiff during her stay."):** Defendant's response, "Denied as phrased," is evasive and fails to specifically deny the matter or set forth in detail the reasons why it cannot truthfully admit or deny.

e) **RFA No. 12 ("Admit that the Facility's policies and procedures require the use of the least restrictive means of care for patients."):** Defendant's response, "Denied as phrased," is evasive and fails to specifically deny the matter or set forth in detail the reasons why it cannot truthfully admit or deny.

f) **RFA No. 14 ("Admit that the Facility did not notify law enforcement or any other authority regarding Plaintiff's concerns about the abduction of her minor children."):** Defendant's response, "Denied as phrased," is evasive and fails to specifically deny the matter or set forth in detail the reasons why it cannot truthfully admit or deny.

16. Defendant's evasive and incomplete responses to these Requests for Admission, particularly after having agreed to amend them during the July 15, 2025 conferral, demonstrate a continued disregard for the spirit and letter of the Florida Rules of Civil Procedure.

## IV. LEGAL BASIS FOR SANCTIONS AND CONTEMPT

17. Rule 1.380 governs failures to make discovery. See Fla. R. Civ. P. 1.380(a)(3) (evasive or incomplete answer treated as a failure to answer) and 1.380(b)(2) (authorizing sanctions for disobeying a discovery order).

18. Available sanctions include establishing designated facts; prohibiting claims/defenses or evidence; striking pleadings; staying proceedings; default; contempt; and an award of reasonable expenses caused by the failure. Fla. R. Civ. P. 1.380(b)(2).

19. Civil contempt is appropriate when: (i) a clear and definite order exists, (ii) the party has the ability to comply, and (iii) willful non-compliance is shown. Those elements are present here.

### V. LEGAL BASIS FOR DETERMINING SUFFICIENCY OF RFA RESPONSES

20. Florida Rule of Civil Procedure 1.370 governs Requests for Admission.

21. Rule 1.370 requires that each matter be specifically admitted or denied, or that the reasons why the responding party cannot truthfully admit or deny be set forth in detail. A denial must fairly meet the substance of the requested admission. If a party gives lack of information or knowledge as a reason for failure to admit or deny, that party must state that a reasonable inquiry has been made and that the information known or readily obtainable is insufficient to enable a truthful admission or denial.

22. The party who has requested the admissions may move to determine the sufficiency of the answers or objections.

23. If the court determines that an answer does not comply with the requirements of Rule 1.370, it may order either that the matter is **deemed admitted** or that an amended answer must be served. The purpose of Requests for Admission is to narrow the issues for trial, and evasive or incomplete answers frustrate this purpose.

24. Given Defendant's evasive responses (e.g., "Denied as phrased") and the failure to certify reasonable inquiry for lack of knowledge, despite prior conferral and agreement to amend, Plaintiff requests that the matters contained in RFAs Nos. 4, 8, 10, 11, 12, and 14 be deemed admitted."

### VI. CERTIFICATION OF CONFERRAL

25. Plaintiff previously conferred with Defendant's counsel regarding the initial non-compliance with the Order via email on August 7, 2025.

26. Plaintiff further conferred with Defendant's counsel regarding both the deficient Requests for Production and the deficient Amended Responses to Requests for Admission by sending a final email demand for full compliance on August 10, 2025, setting a deadline of August 11, 2025, at 17:00 (5:00 PM EDT) [Exhibit B].

27. This Motion is being filed after the expiration of the August 11, 2025, 17:00 (5:00 PM EDT) deadline, as Defendant has failed to provide full and complete compliance.

28. Plaintiff certifies that, prior to filing this motion, Plaintiff has conferred with opposing counsel in a good faith effort to resolve the issues raised in this motion, as evidenced by the attached exhibits and the timeline of communications. Despite these efforts, the parties have been unable to resolve the disputes. This conferral occurred via email on August 7, 2025, and August 10, 2025, and Plaintiff has, even after this motion was necessary, agreed to further conferral on August 14, 2025.

## VII. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a) Finding Defendant, SUNRISE DETOXIFICATION CENTER, LLC, in civil contempt for its willful and continued failure to fully comply with the Court's Order dated July 16, 2025.

b) Compelling Defendant to immediately produce all outstanding and fully responsive documents for Requests for Production Nos. 1, 3, 4, 7, 12, 13, 15, 23, and 24, without further delay.

c) Compelling Defendant to immediately pay the $400.00 monetary sanction ordered on July 16, 2025, if not already paid.

d) Imposing further monetary sanctions against Defendant to compensate Plaintiff for the reasonable expenses incurred in preparing and filing this Motion, including any filing fees and costs of service.

e) Deeming the matters contained in Requests for Admission Nos. 4, 8, 10, 11, 12, and 14 as admitted for the purposes of this action, pursuant to Florida Rule of Civil Procedure 1.370.

f) Deeming certain facts related to the unproduced discovery (e.g., facts pertaining to internal communications, call logs, staffing, individual credentials, or EMR access) as established for the purposes of this action, in accordance with Plaintiff's claims.

g) Prohibiting Defendant from supporting or opposing designated claims or defenses, or from introducing specific matters into evidence related to the unproduced discovery or the matters deemed admitted.

h) Striking Defendant's Answer, affirmative defenses, or other pleadings, or entering a default judgment against Defendant, due to its egregious and persistent non-compliance with a direct court order and the Rules of Civil Procedure.

i) Imposing any other sanctions or relief as this Court deems just and appropriate to compel compliance and uphold the integrity of the judicial process.

DATED: 11 Augus 2025.

Respectfully submitted,

**/S/ Alexis de Vries**

**Alexis de Vries**

Pro Se Plaintiff

Address Confidential (ACP)

Email: 2012ladolcevita@gmail.com

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Florida Rule of Civil Procedure 1.380(a)(2), I certify that I conferred in good faith with counsel for Defendant regarding the discovery issues raised herein, including via court ordered conferral on July 15, 2025, August 4, 2025 via telephone,

August 7, 2025 email (Ex. A), and sent a further non-compliance email on August 11, 2025 (Ex. B). We were unable to resolve these issues without court action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 11 August 2025 I electronically filed the foregoing document with the Clerk of the Court using Florida Court's E-Filing Portal and certify that all defendants have been served via transmission of Notice of Electronic Filing generated by Florida Court E-Filing Portal or in accordance with the alternative methods prescribed by the Florida Court's E-Filing system for parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
**/S/ Alexis de Vries**

**Alexis de Vries**
Pro Se Plaintiff
Address Confidential (ACP)
Email: 2012ladolcevita@gmail.co

## EXHIBIT INDEX

Exhibit A: Plaintiff's August 7, 2025 Email Noticing Non-Compliance
Exhibit B: Plaintiff's August 11, 2025 Email Noticing Continued Non-Compliance
Exhibit C: Sunrise Detox Discovery Deficiency Chart

Exhibit A



Alexis de <2012ladolcevita@gmail.com>

---

**Noncompliance with Court Order July 16, 2025**
1 bericht

---

**Alexis** <2012ladolcevita@gmail.com>                                    7 augustus 2025 om 11:53
Aan: "Lizza C. Maldonado" <Lizza.Maldonado@csklegal.com>, "Hunter S. Walker"
<Hunter.Walker@csklegal.com>
Cc: Kerri Zloch <Kerri.Zloch@csklegal.com>, Daniel Della Rocca
<Daniel.DellaRocca@csklegal.com>

Counsel,

I write regarding the Court's July 16, 2025 **Order Granting in Part Plaintiff's Motion to
Compel and for Sanctions**(D.E. 129), which required Defendant Sunrise Detoxification Center,
LLC to produce responsive documents to narrowed Requests for Production Nos. 1, 3, 4, 7, 12,
13, 15, 23, and 24 no later than **August 5, 2025**.

As of today, **August 7, 2025**, I have not received *any* of the ordered discovery materials. This
constitutes a clear failure to comply with the Court's directive and is prejudicing my ability to
prepare my case. I have also not received any updated admissions as agreed during our
conferral on July 15, 2025.

Please confirm by **close of business Friday, August 8, 2025**, whether production is
forthcoming and, if so, when I can expect full compliance. If I do not receive the materials or a
reasonable explanation by that deadline, I will have no choice but to seek relief from the Court
through a **Motion for Contempt and Further Sanctions** pursuant to Florida Rule of Civil
Procedure 1.380(b).

Please govern yourselves accordingly.

Regards,

Alexis de Vries

**Exhibit B**

 Gmail

Alexis de <2012ladolcevita@gmail.com>

---

### Final Good Faith Notice of Deficient RFP's and RFA's
1 bericht

---

**Alexis <2012ladolcevita@gmail.com>**                                              11 augustus 2025 om 08:39
Aan: "Lizza C. Maldonado" <Lizza.Maldonado@csklegal.com>, "Hunter S. Walker"
<Hunter.Walker@csklegal.com>
Cc: Kerri Zloch <Kerri.Zloch@csklegal.com>, Daniel Della Rocca
<Daniel.DellaRocca@csklegal.com>

Dear Counsel,

As you know, my email on August 7, 2025, notified you that no further discovery materials had
been received by August 5, 2025 deadline set forth in the Court's Order from July 16, 2025,
entered July 17, 2025 as D.E. 180. In the spirit of good faith I am providing final written notice in
hopes you will comply.  While I have since received some documents in response to the
Requests for Production, I must inform you that this production is demonstrably, and woefully,
incomplete, evasive, and deficient, failing to satisfy the clear directives of the Court's Order.

Furthermore, I have received Defendant's Amended Responses to Plaintiff's First Request for
Admissions, filed on August 8, 2025. These responses are also demonstrably deficient and fail
to comply with Florida Rule of Civil Procedure 1.370, despite our prior conferral on July 15,
2025, where you agreed to amend these responses in compliance with Florida Rule of Civil
Procedure 1.370.

**Specific Deficiencies in Production and Responses:**

**Requests for Production (RFPs) Deficiencies (as previously detailed):**

• RFP No. 1 and No. 4 (Internal logs, call records, or communication records pertaining to the
Plaintiff from December 16, 2021, through January 10, 2022): No internal logs, call records, or
communication records pertaining to the Plaintiff for the specified period have been produced,
despite the Court's explicit order. The general policies or staff lists provided are non-responsive
to these specific requests.

• RFP No. 3 (Identify documents already produced that name employees; provide names of all
employees at Sunrise during December 26, 2021, to December 31, 2021): While a staff list was
provided, it does not identify which documents previously produced name employees, nor is it
filtered for only those employees working during the narrow period of December 26, 2021, to
December 31, 2021, as required by the Order.

• RFPs Nos. 7, 12, 13, 15, 23, and 24 (Responsive documents, objections overruled, or
narrowed 5-year look-back): For these requests, Defendant has largely provided only general
company policies (e.g., Staff Education Plan, Verification of Licensure, Staff Training, Medtrainer

Breakdown) instead of the specific, individual records compelled by the Court. Critical documents such as full medical charts, individual staff licenses, training completion records, staffing logs/schedules, EMR audit trails, documents regarding Praesum involvement, job descriptions, and communications with counsel regarding record handling remain unproduced.

**Requests for Admission (RFAs) Deficiencies:**

• RFA No. 4 ("Denied as phrased"): Defendant's response is evasive and fails to specifically deny the matter or set forth in detail the reasons why it cannot truthfully admit or deny, as required by Florida Rule of Civil Procedure 1.370.

• RFA No. 8 ("Denied as phrased"): Defendant's response is evasive and fails to specifically deny the matter or set forth in detail the reasons why it cannot truthfully admit or deny, as required by Florida Rule of Civil Procedure 1.370.

• RFA No. 10 ("Without knowledge at this time, therefore, denied"): Defendant's response is deficient as it fails to certify that a reasonable inquiry has been made and that the information known or readily obtainable is insufficient to enable a truthful admission or denial, as required by Florida Rule of Civil Procedure 1.370.

• RFA No. 11 ("Denied as phrased"): Defendant's response is evasive and fails to specifically deny the matter or set forth in detail the reasons why it cannot truthfully admit or deny, as required by Florida Rule of Civil Procedure 1.370.

• RFA No. 12 ("Denied as phrased"): Defendant's response is evasive and fails to specifically deny the matter or set forth in detail the reasons why it cannot truthfully admit or deny, as required by Florida Rule of Civil Procedure 1.370.

• RFA No. 14 ("Denied as phrased"): Defendant's response is evasive and fails to specifically deny the matter or set forth in detail the reasons why it cannot truthfully admit or deny, as required by Florida Rule of Civil Procedure 1.370.

Please be advised that, pursuant to Florida Rule of Civil Procedure 1.380(a)(3), "an evasive or incomplete answer shall be treated as a failure to answer." This applies to both the deficient Requests for Production and the insufficient Responses to Requests for Admission.

**Demand for Full Compliance:**

I must hereby demand full and complete compliance with all directives of the Court's Order dated July 16, 2025, including the production of all outstanding discovery documents, the provision of sufficient amended responses to Requests for Admission, as per conferral on July 15, 2025.

This full compliance must be received no later than Monday, August 11, 2025, at 17:00 (5:00 PM EDT).

If full compliance is not received by the aforementioned deadline, I will have no choice but to immediately file a Motion for Further Sanctions and/or Civil Contempt with the Court pursuant to Florida Rule of Civil Procedure 1.380(b), and a Motion to Determine Sufficiency of Answers to Requests for Admission pursuant to Florida Rule of Civil Procedure 1.370, seeking all available

remedies, including but not limited to, striking Defendant's pleadings, entry of a default judgment, or deeming the matters in the deficient Requests for Admission as admitted.

Please govern yourselves accordingly.

Regards,

Alexis de Vries

**Exhibit C**

**SUNRISE DETOX – PUBLIC/REDACTED DEFICIENCY CHART**

*Reflects categories only; no confidential content disclosed*

| RFP No. | Order's Compelled Scope (Category) | Production Received (Category) | Deficiency / What's Missing (Category) |
|---|---|---|---|
| 1 & 4 | Internal logs / call detail records / communications for Dec 16, 2021 – Jan 10, 2022 | General policy/staffing materials (non-substantive) | No internal logs; no call detail records; no communications for ordered range |
| 3 | Identify documents naming employees and names of all employees for Dec 26–31, 2021 | General staffing roster (not specific to the narrow window) | No identification of which prior documents name employees; no isolation of names to the ordered dates; no linkage to Plaintiff's care |
| 7, 12, 13, 15 | Staff credentials/licenses; training completion; job descriptions; communications re record handling (with privilege log if applicable) | General policies/training overview (no individualized records) | No individual licenses/credentials; no staff-specific training completion; no job descriptions for record handlers; no communications or privilege log |
| 23 & 24 | Documents within five-year look-back (narrowed by Court) | General policies/staffing overview | No EMR audit trail; no staffing logs/schedules for admission dates; no third-party compliance/vendor materials; no time logs |

*Note: A detailed, sealed chart with pinpoint references will be lodged separately per Rule 2.420 and the parties' Confidentiality Agreement.*

# EXHIBIT C

## DEPOSITION INQUIRY

 Gmail

Alexis de <2012ladolcevita@gmail.com>

---

## Deposition Availability
1 bericht

**Alexis** <2012ladolcevita@gmail.com>                                21 juli 2025 om 09:18
Aan: "Lizza C. Maldonado" <Lizza.Maldonado@csklegal.com>, "Hunter S. Walker"
<Hunter.Walker@csklegal.com>, Daniel Della Rocca <Daniel.DellaRocca@csklegal.com>, Kerri
Zloch <Kerri.Zloch@csklegal.com>

Good Morning-

I would like to know what your availability in August will be for the following depositions:

- Susannah Gleason
- Massud Ahmad
- Evelyn Ulrich
- Maya Gil
- Amanda Zica
- Ira Levy
- Robert Yodashkin
- Sunrise Detoxification LLC--pursuant to Florida Rule of Civil Procedure 1.310(b)(6)

For the deposition of Sunrise Detoxification LLC I will designate the matters for examination with reasonable particularity in the formal Notice of Deposition.

If you can provide dates of availability that would be greatly appreciated.

Thank you in advance.

Regards,

Alexis de Vries

# EXHIBIT D

## INQUIRY INTO PRAESUM HEALTHCARE/CORPORATE STRUCTURE

 Gmail

Alexis de <2012ladolcevita@gmail.com>

---

## Praesum Healthcare
1 bericht

---

**Alexis** <2012ladolcevita@gmail.com>                                    7 augustus 2025 om 12:03
Aan: "Lizza C. Maldonado" <Lizza.Maldonado@csklegal.com>, "Hunter S. Walker"
<Hunter.Walker@csklegal.com>
Cc: Daniel Della Rocca <Daniel.DellaRocca@csklegal.com>, Kerri Zloch
<Kerri.Zloch@csklegal.com>

Ms. Maldonado,

As I continue to prepare for the upcoming depositions and further discovery, I am requesting
clarification regarding the corporate and operational relationship between **Sunrise
Detoxification Center, LLC** and **Praesum Healthcare Services, LLC**. As you recall, I brought
this to your attention in an email dated 29 July 2025.

According to public records and multiple sources, including Praesum's own corporate website,
Sunrise Detox operates as a facility or brand under the Praesum Healthcare Services network,
with shared management and overlapping operations. The case of *Carroll v. Sunrise Detox
Cherry Hill, LLC et al.*, 1:19-cv-17287 (D.N.J.), also references both Sunrise and Praesum as co-
defendants and addresses the potential for joint employer liability under federal law.

In light of this, I ask that you confirm whether:

1. Praesum Healthcare Services, LLC has ownership, management, or operational
   authority over Sunrise Detoxification Center, LLC;
2. Any relevant personnel, policies, or documents relating to Plaintiff's care were created,
   maintained, or overseen by Praesum;
3. Sunrise and Praesum share any HR, administrative, or compliance functions relevant to
   this matter-which it appears they do considering the communications I retrieved.

If Praesum has any role in the events at issue or is in possession of responsive documents, I
reserve the right to seek additional discovery and/or to seek leave to amend to add necessary
parties, consistent with the procedural posture of the case.

Please respond to this inquiry promptly so that I may determine whether targeted discovery or
other appropriate steps are required.

Regards,

Alexis de Vries

# EXHIBIT E

## REQUEST FOR EXTENSION ON SANCTION PAYMENT TWO DAYS

## POST BANKRUPTCY FILING

 Gmail

Alexis de <2012ladolcevita@gmail.com>

---

## Alexis v Sunrise - Extension
1 bericht

---

**Hunter S. Walker** <Hunter.Walker@csklegal.com>                    15 augustus 2025 om 17:11
Aan: Alexis de Vries <2012ladolcevita@gmail.com>
Cc: "Lizza C. Maldonado" <Lizza.Maldonado@csklegal.com>, Kerri Zloch
<Kerri.Zloch@csklegal.com>, "Cristina L. DeRuggiero" <Cristina.DeRuggiero@csklegal.com>

Alexis,


We are requesting a 10-day extension to issue the $400 payment. In addition, please confirm
the address for which you wish payment to be delivered.


Thank you,


**Hunter S. Walker**
*Associate*
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: 561-612-3455 | Fax: 305-373-2294
Email: Hunter.Walker@csklegal.com



2025 U.S. News Best Law Firms ®
Am Law 200



**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for
use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby
notified that any disclosure, copying, distribution or taking action in relation of the contents of this
information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by
Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand
protection, security awareness training, web security, compliance and other essential capabilities.
Mimecast helps protect large and small organizations from malicious activity, human error and

technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## EXHIBIT F

## AFFIDAVIT OF ALEXIS DE VRIES

I, Alexis de Vries, declare under penalty of perjury as follows:

1. I am the Movant in the above-captioned bankruptcy matter and am representing myself pro se, on behalf of myself and my minor children, LUDV and LIDV. I am over the age of 18, of sound mind, and competent to testify to the matters stated herein. I have personal knowledge of the facts stated in this affidavit, and if called as a witness, I could and would testify competently thereto

2. I initiated the State Court Litigation styled *Alexis de Vries, et al. v. Sunrise Detoxification Center, LLC,* Case No. 502023CA016964XXXAMB, in the Fifteenth Judicial Circuit, Palm Beach County, Florida. The claims include negligence, false imprisonment, violation of patient rights under Fla. Stat. §397.501, intentional infliction of emotional distress (IIED), and negligent infliction of emotional distress (NIED), arising from the Debtor's alleged unlawful confinement of me from December 26-31, 2021, which enabled the abduction of my minor children and caused us severe harm.

3. On July 16, 2025, the state court issued an order compelling the Debtor to produce discovery by August 5, 2025, and pay $400 in sanctions by August 15, 2025. The Debtor failed to fully comply, producing only

minimal and generic documents, which prejudiced my case preparation. (See Exhibit A to the Motion.)

4. Despite my repeated requests, including my July 21, 2025, email requesting deposition availability for key witnesses and the corporate representative, the Debtor's counsel evaded scheduling and failed to provide availability, further delaying the litigation. (See Exhibit C to the Motion.)

5. On August 7, 2025, I inquired via email about the corporate relationship between Sunrise Detoxification Center, LLC and Praesum Healthcare Services, LLC, based on public records indicating Praesum owns or manages Sunrise. This inquiry was ignored during conferrals, despite its relevance to discovery and potential party additions. (See Exhibit D to the Motion.)

6. On August 13, 2025, the Debtor filed for Chapter 11 bankruptcy, including Praesum and numerous affiliates, which automatically stayed the State Court Litigation. This filing occurred just six days after my Praesum inquiry and amid ongoing discovery non-compliance.

7. On August 15, 2025—the exact deadline for sanctions payment—the Debtor's counsel requested a 10-day extension without disclosing the bankruptcy filing, further evidencing bad faith and an intent to evade court orders. (See Exhibit E to the Motion.)

8. My omnibus motion for further sanctions and to deem requests for admission admitted is set for hearing on September 2, 2025, at 8:45 AM, and a motion for leave to assert punitive damages remains pending for October 24, 2025. The stay has halted these critical proceedings, causing undue delay. (See Exhibit B to the Motion.)

9. I am informed and believe, based on industry standards for healthcare providers like the Debtor (a detoxification center owned by Praesum), that the Debtor carries liability insurance covering my claims. Any judgment would likely be satisfied by insurance, not the estate, minimizing bankruptcy impact.

10. The claims for false imprisonment and IIED are non-dischargeable under 11 U.S.C. §523(a)(6), as they involve willful and malicious injury, requiring deliberate harm beyond recklessness per *Geiger v. Kawaauhau*, 523 U.S. 57 (1998).

11. The stay causes substantial prejudice to me and my children, including prolonged emotional trauma (e.g., my children's PTSD, enuresis, and anxiety from the 8-month separation caused by Debtor's actions), financial hardship from litigation delays, and denial of timely justice. Without relief, this harm will continue indefinitely.

12. The Debtor's pre-petition conduct—evading discovery, ignoring inquiries, and timing the filing to avoid sanctions and hearings—demonstrates bad faith, warranting relief from stay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2025.

/s/ Alexis de Vries

Alexis de Vries

(ACP PARTICIPANT)

P.O. Box 6298

Tallahassee, FL 32314

2012ladolcevita@gmail.com