UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Praesum Healthcare Services, LLC,[1]          Case No. 25-19335-EPK
(Jointly Administered)

    Debtors.                                Chapter 11
_____/

**MOTION TO TERMINATE APPOINTMENT OF PATIENT CARE OMBUDSMAN**

The Debtors, pursuant to 11 U.S.C. §§ 333 and Fed. R. Bankr. P. 2007.2(d), requests that the Court enter an order terminating the appointment of the patient care ombudsman as not necessary for the protection of patients. In support, the Debtor states as follows:

---

[1] The 28 Debtors in these jointly administered cases are: (1) Praesum Healthcare Services, LLC, Case No. 25-19335-EPK; (2) Evolve Recovery Center, LLC, Case No. 25-19336-EPK; (3) Evolve Recovery Center at Millbury LLC, Case No. 25-19340-EPK; (4) Sunrise Detox Alpharetta, LLC, Case No. 25-19343-EPK; (5) Sunrise Detox Brentwood, LLC, Case No. 25-19346-EPK; (6) Sunrise Detox Cherry Hill, LLC, Case No. 25-19348-EPK; (7) Sunrise Detox Duluth, LLC, Case No. 25-19356-EPK; (8) Sunrise Detox III, LLC, Case No. 25-19359-EPK; (9) Sunrise Detox Millbury, LLC, Case No. 25-19362-EPK; (10) Sunrise Detox Orlando, LLC, Case No. 25-19363-EPK; (11) Sunrise Detox Toms River, LLC, Case No. 25-19365-EPK; (12) The Counseling Center at Cherry Hill, LLC, Case No. 25-19366-EPK; (13) The Counseling Center at Clark, LLC, Case No. 25-19367-EPK; (14) The Counseling Center at Duluth, LLC, Case No. 25-19368-EPK; (15) The Counseling Center at Fair Lawn, LLC, Case No. 25-19337-EPK; (16) The Counseling Center at Freehold, LLC, Case No. 25-19339-EPK; (17) The Counseling Center at Middlesex, LLC, Case No. 25-19341-EPK; (18) The Counseling Center at Robbinsville, LLC, Case No. 25-19342-EPK; (19) The Counseling Center at Roswell, LLC, Case No. 25-19344-EPK; (20) The Counseling Center at Roxbury, LLC, Case No. 25-19345-EPK; (21) The Counseling Center at Brunswicks, LLC, Case No. 25-19347-EPK; (22) The Counseling Center at Toms River, LLC, Case No. 25-19349-EPK; (23) The Counseling Center at West Caldwell, LLC, Case No. 25-19351-EPK; (24) The Counseling Center at Yorktown Heights, LLC, Case No. 25-19352-EPK; (25) Beacon Point Recovery Center LLC, Case No. 25-19354-EPK; (26) Sunrise Detoxification Center, LLC, Case No. 25-19355-EPK; (27) Sunrise Detox II, LLC, Case No. 25-19357-EPK; and (28) The Counseling Center at Millbury, LLC, Case No. 25-19358-EPK.

{2519/000/00587822}           1

1.       On August 13, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

2.       Each of the 28 Debtors is operating its business and managing its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.       Debtor Praesum Healthcare Services, LLC is a Florida limited liability company located in Lake Worth, Florida. Praesum Healthcare Services, LLC provides administrative services to each of the 27 other Debtors, which each operate treatment facilities.

4.       Specifically, the 27 treatment provider Debtors operate on the following continuum of care:

    a. **Detox**. Detox facilities operate at the most intensive level of care and provide residential patients with substance abuse treatment. The following **eleven** debtors operate as detox facilities in the following locations: Sunrise Detox Millbury, LLC (Massachusetts), The Counseling Center at Yorktown Heights, LLC (New York), Sunrise Detox Toms River, LLC (New Jersey), Sunrise Detox Cherry Jill, LLC (New Jersey), Beacon Point Recovery Center, LLC (Pennsylvania), Sunrise Detox Alpharetta, LLC (Georgia), Sunrise Detox Duluth, LLC (Georgia), Sunrise Detoxification Center, LLC (Florida), Sunrise Detox III, LLC (Florida), Sunrise Detox Orlando, LLC (Florida), and Sunrise Detox Brentwood, LLC (New York).

    b. **Residential**. Residential facilities operate at the next level of care and provide substance abuse treatment to residential patients. The following three debtors operate residential facilities in the following locations: Evolve Recovery Center at Millbury, LLC (Massachusetts), Sunrise Detox II, LLC (New Jersey), and Evolve Recovery Center, LLC (New Jersey).

  c. **Outpatient**. Outpatient facilities offer less intensive substance abuse and mental health treatment to non-residential patients. The following thirteen debtors operation outpatient facilities in the following locations; The Counseling Cnter at Millbury, LLC (Massachusetts), The Counseling Center at Freehold, LLC (New Jersey), The Counseling Center at Fair Lawn, LLC (New Jersey), The Counseling Center at Clark, LLC (New Jersey), The Counseling Center at Toms River, LLC (New Jersey), The Counseling Center at Cherry Hill, LLC (New Jersey), The Counseling Center at Roxbury, LLC (New Jersey), The Counseling Center at Middlesex, LLC (New Jersey), The Counseling Center at the Brunswicks, LLC (New Jersey), The Counseling Center at Robbinsville, LLC (New Jersey), The Counseling Center at Roswell, LLC (Georgi), and The Counseling Center at Duluth, LLC (Georgia).

5. Debtor Praesum Healthcare Services, LLC is the borrower under a $23,000,000 loan facility from City National Bank of Florida. The other Debtors are guarantors of the loan. City National Bank of Florida holds blanket liens on the Debtors' assets to secure the loan and the guarantees. The Debtors filed these cases after City National Bank of Florida declared a non-payment default, initiated a lawsuit in Florida state court against the Debtors, and sought appointment of a receiver. The Debtors

6. On August 26, 2025, the Debtors filed an application to employ Carol Fox and GlassRatner Advisory & Capital Group as chief restructuring officer and financial advisor. As part of that engagement, Michael Thatcher will also assist the Debtors. Ms. Fox and Mr. Thatcher have extensive experience providing advice to and serving in fiduciary roles for companies in the healthcare sector.

7. On September 2, 2025, the United States Trustee appointed Suzanne Richards (the "PCO") as patient care ombudsman.

8. Under the Bankruptcy Code, health care businesses are those which primarily offer to the general public facilities and services "for (i) the diagnosis or treatment of injury, deformity, or disease; and (ii) surgical, drug treatment, psychiatric, or obstetric care." 11 U.S.C. § 101(27A). The Debtors are healthcare businesses.

9. Pursuant to 11 U.S.C. § 333, the Court shall order "the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appoint of such ombudsman is not necessary for the protection of patients under the specific facts of the case." Pursuant to Fed. R. Bankr. P. 2007.2(d), on motion of a party in interest, "the court may terminate a patient-care ombudsman's appointment that it finds unnecessary to protect patients."

10. When considering whether to waive the requirement of appointing a patient care ombudsman,[2] courts apply a nine-factor test which looks to

(1) the cause of the bankruptcy, (2) the presence and role of licensing or supervising entities, (3) debtor's past history of patient care, (4) the ability of the patients to protect their rights, (5) the level of dependency of the patients on the facility, (6) the likelihood of tension between the interests of the patients and the debtor, (7) the potential injury to the patients if the debtor drastically reduced its level of patient care, (8) the presence and sufficiency of internal safeguards to ensure appropriate level of care, (9) the impact of the cost of an ombudsman on the likelihood of a successful reorganization.

*In re Alternate Family Care*, 377 B.R. 754, 758 (Bankr. S.D. Fla. 2007) (cleaned up).

11. As to the first factor, a dispute between the Debtors and their primary secured creditor over a non-payment default caused the Debtors bankruptcy, not any issues with patient care. As to the second factor, the Debtors are subject to federal and state regulations including

---

[2] Debtors' counsel could not find any case law regarding the termination of a patient care ombudsman, as opposed to waiving the initial appointment of one. Logically, the same factors should apply.

licensing boards in each state where the Debtors operate, and the Debtors' physicians are independently licensed.

12. As to the third factor, the Debtors do not have a significant history of malpractice claims or regulatory issues. In the four years proceeding bankruptcy, the Debtors have received notice of nine claims alleging negligence: a slip and fall in August 2024, a slip and fall in July 2025, a letter regarding HIPAA concerns in January 2024, one alleged medication error in February 2024,, one instance where a patient attacked a doctor in March 2025, one instance of an alleged sexual assault by one patient against another in February 2025, a death in September 2023, and a death in March 2025. For an organization of the Debtors' size—comprising 27 operating facilities treating substance abuse patients—the limited history of negligence claims cuts against the appointment of a patient care ombudsman.

13. Various Debtors have received minor complaints from state regulatory agencies. The Florida Department of Children and Families placed a moratorium on new admission on Sunrise Detox III (Fort Lauderdale) and Sunrise Detoxification (Lake Worth) on April 14, 2025, after determining those entities failed to meet certain licensing requirements following a sentinel event in January 2025 at the Lake Worth location. On April 29, 2025, those programs returned to 50% capacity and, on July 7, 2025, returned to full capacity after correcting deficiencies and paying a $6,200.00 fine. Evolve Recovery Center at Millbury, LLC ("ERC Millbury") received complaints from the Massachusetts Bureau of Substance Abuse Services (the "BSAS") on March 28, 2025 and April 14, 2025. The March complaint was closed on April 17, 2025 with no sanctions or corrective actions. ERC Millbury believes the August complaint is meritless, and no sanctions or corrective actions have been issued to date. Sunrise Detox Millbury, LLC received a complaint from the BSAS on August 11, 2025 that the program had run out of methadone. Sunrise Detox

Millbury had not run out of methadone but, rather, had to send two patients for guest doses at a local emergency department due to those patients requiring larger doses of methadone. BSAS has not issued any sanctions or corrective actions to date. Sunrise Detox Duluth received a complaint form the Georgia Department of Community Health (the "DCH") on July 2, 2025. Sunrise Detox Duluth underwent a one-day unannounced inspection and received a deficiency report on July 3, 2025. The DCH Accepted a plan of correction and did not issue sanctions. While the Debtors have received complaints from regulatory agencies, the resolution of those complaints generally without meaningful sanctions demonstrates the Debtors operate their facilities in a professional and safe manner.

14. As to the fourth factor, patients are generally able to protect their rights through these bankruptcy proceedings. Ms. Fox, as chief restructuring officer, also provides a level of independent oversight upon which patients can rely. She and Mr. Thatcher have significant experience advising healthcare companies through insolvency proceedings.

15. As to the fifth factor, patients in the detox facilities are dependent on the relevant Debtors, the patients in the residential facilities less so, and the patients in the outpatient facilities are not dependent on the Debtors. However, as with the fourth factor, Ms. Fox serves as an independent check. As to the sixth factor, the interests of the Debtors and patients align: the Debtors seek to provide and patients seek to receive the highest level of medical care. As to the seventh factor, while patients risk injury if the Debtors reduce the level of care, as a practical matter, the Debtors' physicians will not reduce the level of care as they have an independent professional duty to provide adequate medical care. As to the eighth factor, the Debtor's standard operating procedures and physicians provide internal safeguards to ensure the highest level of patient care. As to the ninth factor, the Debtors project to operate on a balance sheet neutral basis

{2519/000/00587822}                                6

in the early stages of these cases. The continued appointment of a patient care ombudsman will impose an expense which the Debtors do not project they will have the funds to pay. In turn, those costs would imperil the Debtor's ability to reorganize.

16. The *Alternate Family Care* factors, taken as a whole, generally support terminating the appointment of the PCO, especially in the case of the Debtors' outpatient facilities where patients have the most independence. Accordingly, the Debtors request the Court terminate the appointment of the PCO as unnecessary to protect patients.

**WHEREFORE,** the Debtor respectfully requests the Court enter an order granting this Motion and terminating the appointment of the PCO as unecessary for the protection of patients under the specific facts of these cases.

    Respectfully submitted,

    **SHRAIBERG PAGE P.A.**
    Proposed Attorneys for the Debtor
    2385 NW Executive Center Drive, Suite 300
    Boca Raton, Florida 33431
    Telephone: 561-443-0800
    Facsimile: 561-998-0047
    Email: bss@slp.law
    Email: ependergraft@slp.law
    Email: shess@slp.law

    By: */s/ Samuel W. Hess*
        Bradley S. Shraiberg
        Florida Bar No. 121622
        Eric Pendergraft
        Florida Bar No. 91927
        Samuel W. Hess
        Florida Bar No. 1044184

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service on September 3, 2025.  /s/ Samuel W. Hess