UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Praesum Healthcare Services, LLC,[1]　　　　　　　　Case No. 25-19335-EPK
(Jointly Administered)

　　　　Debtors.　　　　　　　　　　　　　　　　　Chapter 11
_____/

### ***EXPEDITED*** MOTION FOR POST-PETITION FINANCING FROM CITY NATIONAL BANK

**Basis for Expedited Hearing:**

**The Debtors require the financing described herein to fund its ongoing operations. City National Bank has already advanced $750,000 under the proposed financing so that the Debtors could make payroll on September 18, 2025. The Debtors require the remaining financing at the earliest opportunity to meet their ongoing obligations. Accordingly, the Debtors respectfully request that this matter be set for a hearing no later than September 24, 2025.**

---

[1] The 28 Debtors in these jointly administered cases are: (1) Praesum Healthcare Services, LLC, Case No. 25-19335-EPK; (2) Evolve Recovery Center, LLC, Case No. 25-19336-EPK; (3) Evolve Recovery Center at Millbury LLC, Case No. 25-19340-EPK; (4) Sunrise Detox Alpharetta, LLC, Case No. 25-19343-EPK; (5) Sunrise Detox Brentwood, LLC, Case No. 25-19346-EPK; (6) Sunrise Detox Cherry Hill, LLC, Case No. 25-19348-EPK; (7) Sunrise Detox Duluth, LLC, Case No. 25-19356-EPK; (8) Sunrise Detox III, LLC, Case No. 25-19359-EPK; (9) Sunrise Detox Millbury, LLC, Case No. 25-19362-EPK; (10) Sunrise Detox Orlando, LLC, Case No. 25-19363-EPK; (11) Sunrise Detox Toms River, LLC, Case No. 25-19365-EPK; (12) The Counseling Center at Cherry Hill, LLC, Case No. 25-19366-EPK; (13) The Counseling Center at Clark, LLC, Case No. 25-19367-EPK; (14) The Counseling Center at Duluth, LLC, Case No. 25-19368-EPK; (15) The Counseling Center at Fair Lawn, LLC, Case No. 25-19337-EPK; (16) The Counseling Center at Freehold, LLC, Case No. 25-19339-EPK; (17) The Counseling Center at Middlesex, LLC, Case No. 25-19341-EPK; (18) The Counseling Center at Robbinsville, LLC, Case No. 25-19342-EPK; (19) The Counseling Center at Roswell, LLC, Case No. 25-19344-EPK; (20) The Counseling Center at Roxbury, LLC, Case No. 25-19345-EPK; (21) The Counseling Center at Brunswicks, LLC, Case No. 25-19347-EPK; (22) The Counseling Center at Toms River, LLC, Case No. 25-19349-EPK; (23) The Counseling Center at West Caldwell, LLC, Case No. 25-19351-EPK; (24) The Counseling Center at Yorktown Heights, LLC, Case No. 25-19352-EPK; (25) Beacon Point Recovery Center LLC, Case No. 25-19354-EPK; (26) Sunrise Detoxification Center, LLC, Case No. 25-19355-EPK; (27) Sunrise Detox II, LLC, Case No. 25-19357-EPK; and (28) The Counseling Center at Millbury, LLC, Case No. 25-19358-EPK.

The Debtors, pursuant to 11 U.S.C. § 364, requests that the Court approve the $2,026,554.05 in post-petition financing described in this Motion. In support, the Debtor states:

## SUMMARY OF FINANCING TERMS

| *Parties* | |
|---|---|
| **Debtors** | All |
| **DIP Lender** | City National Bank of Florida |

| *General Provisions* | |
|---|---|
| **Total Financing Available** | - $2,026,554.05 |
| **Interim Financing Available** | - $2,026,554.05 |
| **Conditions to Closing** | - For amounts in excess of $750,000.00, execution of subordinate mortgage on residence of Timothy Doran |
| **Interest** | - 7.75% |
| **Maturity** | - September 18, 2026 |
| **Security** | - Blanket liens of the same priority as City National Bank's prepetition liens.<br>- Subordinate mortgage on residence of Timothy Doran |
| **Events of Default** | - Non-payment of obligations and dismissal or conversion of the chapter 11 case<br>- Appointment of a chapter 11 trustee<br>- Material default under orders for the use of cash collateral |
| **Purpose for Proceeds** | - Fund working capital for the Debtor's business and general corporate requirements. |

## PERTINENT FACTS

1. On August 13, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

2. Each of the 28 Debtors is operating its business and managing its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. No trustee or examiner has been appointed in these jointly administered cases.

4. Debtor Praesum Healthcare Services, LLC ("Praseum Healthcare") is a Florida limited liability company located in Lake Worth, Florida. Praesum Healthcare provides administrative services to each of the 27 other Debtors, which each operate treatment facilities.

5. Specifically, the 27 treatment provider Debtors operate on the following continuum of care:

> a. **Detox**. Detox facilities operate at the most intensive level of care and provide residential patients with substance abuse treatment. The following **eleven** Debtors operate as Detox facilities in the following locations: Sunrise Detox Millbury, LLC (Massachusetts), The Counseling Center at Yorktown Heights, LLC (New York), Sunrise Detox Toms River, LLC (New Jersey), Sunrise Detox Cherry Hill, LLC (New Jersey), Beacon Point Recovery Center, LLC (Pennsylvania), Sunrise Detox Alpharetta, LLC (Georgia), Sunrise Detox Duluth, LLC (Georgia), Sunrise Detoxification Center, LLC (Florida), Sunrise Detox III, LLC (Florida), Sunrise Detox Orlando, LLC (Florida); and Sunrise Detox Brentwood, LLC (New York).
>
> b. **Residential**. Residential facilities operate at the next level of care and provide substance abuse treatment to residential patients. The following **three** Debtors operate Residential facilities in the following locations: Evolve Recovery Center at Millbury, LLC (Massachusetts), Sunrise Detox II, LLC (New Jersey), and Evolve Recovery Center, LLC (New Jersey);
>
> c. **Outpatient.** Outpatient facilities offer less intensive substance abuse and mental

health treatment to non-residential patients. The following **thirteen** Debtors operate Outpatient facilities in the following locations: The Counseling Center at Millbury, LLC (Massachusetts), The Counseling Center at Freehold, LLC (New Jersey), The Counseling Center at Fair Lawn, LLC (New Jersey), The Counseling Center at Clark, LLC (New Jersey), The Counseling Center at Toms River, LLC (New Jersey), The Counseling Center at Cherry Hill, LLC (New Jersey), The Counseling Center at Roxbury, LLC (New Jersey), The Counseling Center at Middlesex, LLC (New Jersey), The Counseling Center at the Brunswicks, LLC (New Jersey), The Counseling Center at West Caldwell, LLC (New Jersey), The Counseling Center at Robbinsville, LLC (New Jersey), The Counseling Center at Roswell, LLC (Georgia), and The Counseling Center at Duluth, LLC (Georgia).

6. In May 2025, City National Bank of Florida ("CNB") declared a non-payment default on the Debtors' prepetition loan facility in the principal amount of $23,000,000.00 and, subsequently, sought the appointment of a receiver over the Debtors' accounts receivable. While the Debtors never missed a payment to CNB, their prepetition financial difficulties stem from struggles collecting accounts receivable. The Debtors seek to use these bankruptcy proceedings to provide protection while they address those collection issues. Accordingly, the Debtors hired Carol Fox and GlassRattner Advisory as chief restructuring officer (the "CRO") to aid the Debtors in, among other things, creating and implementing a solution for the collection of both newly generated and legacy receivables. However, the Debtors require financing to support their businesses while taking those actions.

7. Around the time of the Debtors' bankruptcy petitions, CNB swept $5,119,908.64 from Praesum Healthcare's account in an act of setoff (the "Setoff"). The Debtors and CNB dispute

the timing of the setoff. CNB claims the setoff occurred on August 13, 2025, roughly one hour before the Debtors filed their petitions. The Debtors maintain the setoff occurred on August 14, 2025, in violation of the automatic stay. CNB has returned $3,093,354.59, leaving $2,026,554.05 remaining in dispute.

8. On September 17, 2025, the Debtors and CNB attended a judicial settlement conference under the good offices of the Hon. Paul G. Hyman. At the judicial settlement conference, the parties agreed to resolve their dispute as to the $2,026,554.05 as follows:

- CNB will provide $2,026,554.05 in post-petition financing (the "DIP Financing") to the Debtors at 7.75% interest. The DIP Financing will mature on September 18, 2026.

- CNB will fund $750,000.00 of the DIP Financing no later than the morning of September 18, 2025.

- CNB will fund the remaining portion of the DIP Financing upon the execution of Timothy Doran (the principal of the Debtors) of a subordinate mortgage on his residence in the amount of $10,000,000.00. The mortgage shall secure the DIP Financing as well as provide additional security to CNB for CNB's prepetition claim against the Debtors. Mr. Doran represents and warrants that the senior mortgages on his residence total less than $13,600,000.00.

- The Debtors will provide a release to CNB of any claims arising from the Setoff.

- The parties will execute a joint letter to the Debtors' payors directing them to pay all outstanding amounts to the Debtors.

- CNB consents to the Debtors' use of cash collateral for 30 days and to a 30-day continuance of the hearing on CNB's *Motion for Relief from Stay, or in the Alternative, Motion for Adequate Protection* [ECF No. 24].

9. For funds advanced under the DIP Financing, CNB will receive a lien on all of the Debtors' assets equivalent in of equivalent validity and priority to CNB's prepetition liens.

10. The proposed DIP Financing will allow the Debtors to continue business as a going concern and, more importantly, generate increased value and protect the Debtors' ability to provide a return to unsecured creditors. Absent the financing, the Debtors cannot operate.

11. In addition to CNB, the following parties may have claims secured by liens on the Debtors' receivables and other assets (together with CNB, the "Creditors"):

 a. C T Corporation System, As Representative;

 b. ASD Special Healthcare, LLC dba Besse Medical;

 c. Amerisourcebergen Drug Corporation;

 d. United States Small Business Administration;

 e. Navitas Credit Corp.;

 f. Family Funding Group LLC;

 g. First Corporate Solutions, As Representative; and

 h. I Got Funded, LLC;

## **ARGUMENT**

12. Section 364 of the Bankruptcy Code authorizes a debtor to obtain post-petition financing under certain circumstances. Provided that an agreement to obtain credit does not run afoul of the provisions of, and policies underlying, the Bankruptcy Code, courts grant a debtor considerable deference in acting in accordance with its reasonable business judgment in obtaining such credit. *See In re YL W. 87th Holdings I LLC*, 423 B.R. 421, 441 (Bankr. S.D.N.Y. 2010) ("Courts have generally deferred to a debtor's business judgment in granting section 364 financing."); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("cases consistently reflect that the court's discretion under section 364 [of the Code] is to be utilized on

grounds that permit [a debtor's] reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest").

13. Further, section 364(d) permits a debtor to obtain credit secured by an equal lien on property of the estate that is subject to a lien if a debtor cannot otherwise obtain such credit and there is adequate protection of the interest of the holder of the lien on the property of the estate on which such equal lien is proposed to be granted.

14. The Debtors require the further financing described in this Motion to fund payment to Pfilix and resume operations. The Debtors will receive that financing at 7.75% interest—only 0.5% above the prime rate of 7.25%—and CNB will receive a lien of equal validity and priority to CNB's prepetition liens. The lack of such financing will result in the Debtor's immediate closure and the failure of these cases. All parties in interest, including unsecured and junior secured creditors, would receive less.

15. Given the emergent need for financing, the Debtors are unable to obtain credit other than the DIP Financing. Additionally, any Creditors with liens junior to CNB will be adequately protected. The DIP Financing essentially puts the parties back into the same positions as they were prior to the Petition Date before CNB performed the Setoff. Additionally, the financing will preserve the Debtors' value as a going concern. Failure to secure the financing will result in the total loss of any going-concern value, including negatively impacting the Debtors' ability to recover their receivables. Accordingly, the DIP Financing is commercially reasonably, a sound exercise of the Debtors' business judgment, and in the best interest of all interested parties.

**WHEREFORE**, the Debtor requests that the Court enter an order[2] (1) granting this Motion; (2) authorizing the Debtor to obtain post-petition financing; (3) scheduling a final hearing; and (4) granting such other and further relief as is just and proper.

    Respectfully submitted,

**SHRAIBERG PAGE P.A.**
Proposed Attorneys for the Debtor
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law
Email: shess@slp.law

By: */s/ Bradley S. Shraiberg*
    Bradley S. Shraiberg
    Florida Bar No. 121622
    Samuel W. Hess
    Florida Bar No. 1044184

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case list on September 22, 2025.

    */s/ Bradley S. Shraiberg*

---

[2] The parties are negotiating a draft order and will provide a draft order via notice of filing prior to the hearing on this Motion.