**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

Praesum Healthcare Services, LLC,[1]          Case No. 25-19335--EPK
(Jointly Administered)

                                             Chapter 11

Debtors.

_____/

In re:

Beacon Point Recovery Center LLC,          Case No. 25-19354--EPK

                                             Chapter 11

Debtor .

_____/

**AC HSS OFFICE VENTURES I, LLC'S OBJECTION TO DEBTORS'**
**MOTION TO REJECT COMMERCIAL LEASE**

       AC HSS Office Ventures I, LLC ("Landlord"), by and through undersigned counsel, files

this objection (the "Objection") and the *Declaration of Joseph Bryne* attached hereto as

**Exhibit A** (the "Byrne Decl.") in response to the Debtors' *Motion to Reject Commercial Lease*

---

[1]     The 28 debtors in these jointly administered cases are: (1) Praesum Healthcare Services, LLC; (2) Evolve Recovery Center, LLC; (3) Evolve Recovery Center at Millbury LLC; (4) Sunrise Detox Alpharetta, LLC; (5) Sunrise Detox Brentwood, LLC; (6) Sunrise Detox Cherry Hill, LLC; (7) Sunrise Detox Duluth, LLC; (8) Sunrise Detox III, LLC; (9) Sunrise Detox Millbury, LLC; (10) Sunrise Detox Orlando, LLC; (11) Sunrise Detox Toms River, LLC; (12) The Counseling Center at Cherry Hill, LLC; (13) The Counseling Center at Clark, LLC; (14) The Counseling Center at Duluth, LLC; (15) The Counseling Center at Fair Lawn, LLC; (16) The Counseling Center at Freehold, LLC; (17) The Counseling Center at Middlesex, LLC; (18) The Counseling Center at Robbinsville, LLC; (19) The Counseling Center at Roswell, LLC; (20) The Counseling Center at Roxbury, LLC; (21) The Counseling Center at Brunswicks, LLC; (22) The Counseling Center at Toms River, LLC; (23) The Counseling Center at WestCaldwell, LLC; (24) The Counseling Center at Yorktown Heights, LLC; (25) Beacon Point Recovery Center LLC; (26) Sunrise Detoxification Center, LLC; (27) Sunrise Detox II, LLC; and (28) The Counseling Center at Millbury, LLC (collectively, the "Debtors").

[Docket No. 171] (the "Motion").[2] In support thereof, Landlord respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Bankruptcy Court for the Southern District of Florida (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      Landlord and Debtor Beacon Point Recovery Center LLC ("Beacon") are party to certain related leases, each dated as of August 28, 2023, governing the premises of (i) 2301 E. Allegheny Avenue, Philadelphia, Pennsylvania 19134 (the "Allegheny Lease") and (ii) 3261 Tulip Street, Philadelphia, Pennsylvania 19134 (the "Tulip Lease", and together with the Allegheny Lease, the "Leases").[3] True and correct copies of the Allegheny Lease and the Tulip Lease are attached hereto as **Exhibits B** and **C**, respectively. Debtor Praesum Healthcare Services, LLC ("Praesum") has guaranteed Beacon's performance under the Leases pursuant to certain guaranties, each dated as of August 16, 2023, by Praesum to and in favor of Landlord (together, the "Guaranties" and collectively with the Leases, the "Lease Documents").[4] True and

---

[2]      This afternoon, the Court entered a *General Order Setting Page Limits and Format Requirements for Documents Filed in this Case and Setting Deadline for Written Responses to Certain Requests for Relief* [Docket No. 217], pursuant to which deadlines were set for responses or objections to non-expedited motions. Under the order, this opposition would have been due prior to the entry of the order. Landlord understands, and will comply, with the requirements of the order for the remainder of these chapter 11 cases.

[3]      Capitalized terms used herein but not otherwise defined herein shall have the meanings assigned to them in the Leases.

[4]      On October 28, 2025, Landlord filed *AC HSS Office Ventures I, LLC's Motion for Allowance and Payment of Administrative Expense Claims* [Docket No. 192] (the "Administrative Expense Motion") seeking payment of outstanding post-petition rent due and owing to Landlord. For the avoidance of doubt, Landlord does not waive any, and fully

correct copies of the Guaranties are attached hereto as **Exhibits D** and **E**.

4.      On October 23, 2025, Beacon filed the Motion seeking to terminate the Tulip Lease. The Motion, however, does not address the fact that the Leases were entered into as a single comprehensive transaction and that Beacon lacks the right to terminate one of the Leases without being in default under the other.

5.      In particular, the Lease Documents were entered into as part of one comprehensive transaction between Praesum, Beacon, and Landlord to provide a campus for the operation of a drug and alcohol rehabilitation center in the Philadelphia area (the "Facility"). Byrne Decl. ¶ 6. Landlord and Beacon first entered into a lease arrangement for these premises in 2019 and such lease was set to terminate in 2029. *Id.* Consummation of Praesum's purchase of Beacon from its prior equity owner was conditioned upon entry into the Leases. *Id. See also* Tulip Lease § 3.3; Allegheny Lease § 3.3 ("Tenant has indicated to Landlord that the closing of the purchase and sale under the EPA is conditioned on Praesum's receipt of a fully executed, delivered and enforceable copy of this Lease"). As part of this larger transaction, Praesum and Landlord renegotiated the terms of the Leases extending the term to fifteen years in exchange for reduced Rent during the first five years of the Leases. *Id.*

6.      Both Leases include language and provisions indicating the integrated nature of the agreements and Beacon's and Landlord's understanding that each premises governed by a particular Lease is necessary for the Facility as a whole.

7.      For example, each Lease's background section is substantially similar and makes reference to (i) the premises governed by the other Lease and (ii) the Facility encompassing both Lease premises.

---

reserves all rights, with respect to the Administrative Expense Motion and the relief requested therein.

8.      The Tulip Lease, the lease that Beacon seeks to terminate by the Motion, states:

**BACKGROUND**

Landlord has a long-term leasehold interest with full rights as landlord in the Premises (defined below); a parcel of improved property at 2301 E. Allegheny Avenue, Philadelphia, PA 19134 (the "**MOB**"), a parcel across the street from the Premises (the "**Gym Parcel**") (which together with the MOB, the Premises, and the parking lots serving them are collectively referred to in this Lease as the "**Campus**"). The Landlord and Tenant entering into this lease with Tenant in connection with the operation by Tenant of a drug and alcohol rehabilitation facility at the MOB (the "**Facility**").

Tenant desires to lease from Landlord and Landlord desires to lease to Tenant the Premises for use by patients of the Facility as more particularly provided in this Lease.

9.      The Allegheny Lease states:

**BACKGROUND**

Landlord has a long-term leasehold interest and purchase option with full rights as landlord in the Property (hereinafter defined), a parcel of improved property at 3261 Tulip Street, Philadelphia, PA 19134 (the "**Fuld Building**"), and 2235 E Allegheny Ave Philadelphia, PA 19134 ("**Gym**"), (which together with the property in which the Premises is located (defined below) and the parking lots serving them is collectively referred to in this Lease as the "**Campus**"). Tenant desires to lease from Landlord and Landlord desires to lease to Tenant the Premises for use by patients of the Facility as more particularly provided in this Lease.

10.     The "Premises" is defined in the Tulip Lease as "the improved parcel of land . . . described on attached <u>Schedule 1.25</u>, together with all improvements on such land, including the Helene Fuld Building, located at 3261 Tulip Street, Philadelphia, PA 19134." *See* Tulip Lease § 1.25. Pursuant to section 2.1 of the Leases, Beacon "lease[d] from Landlord the Premises[.]" *See* Allegheny Lease § 2.1.1; Tulip Lease § 2.1.1.

11.     Further, the definition of "Permitted Use" in each Lease is substantially similar. "Permitted Use" in the Tulip Lease is defined as "use only for the inpatient and outpatient treatment of individuals suffering from mental and/or behavioral health disorders." Tulip Lease § 1.24. The definition in the Allegheny Lease is "inpatient and outpatient treatment of individuals suffering from mental and behavioral health disorders." Allegheny Lease § 1.28.

12.    Additionally, each Lease includes a cross-default provision against the other Lease. Under the Tulip Lease, "a default . . . under the [Allegheny] Lease between Beacon Point Recovery Center, LLC . . . and Landlord for premises in the MOB" is treated as a default under the Tulip Lease. Tulip Lease § 17.1.4(j). Likewise, pursuant to the Allegheny Lease, a "a default . . . under the lease between Landlord and [Beacon] for the Fuld Building" is treated as a default under the Allegheny Lease. *See* Allegheny Lease § 18.1.3(i).

## **ARGUMENT**

13.    Due to the integrated nature of the Leases, they represent one contractual agreement and cannot be assumed or rejected in part.  *See Byrd v. Gardinier, Inc. (In re Gardinier, Inc.),* 831 F.2d 974, 975 (11th Cir.1987) ("[A] bankruptcy trustee cannot accept the benefits of an executory contract without also assuming its burdens").

14.    In *Byrd*, the Eleventh Circuit established a three-factor test to determine the parties' intent regarding severability in the context of rejection: (1) are the nature and purpose of the agreements different; (2) is the consideration for each agreement separate and distinct; and (3) are the obligations of the parties under the agreements interrelated. *See id* at 976.  Further, applying Florida law, that court has held that two documents (a motel license and a restaurant lease) executed on the same day, between the same parties, for contiguous properties, and containing numerous cross-references constituted a single, integrated franchise agreement. *Clayton v. Howard Johnson Franchise Sys. Inc.*, 954 F.2d 645 (11th Cir. 1992). The documents were executed simultaneously, involved the same parties, related businesses on the same land, contained explicit cross-references (including clauses stating each was entered into "in contemplation of" the other), and tied the term/termination of one to the other.  *Id.*

15.    Here, the nature and purpose of the Leases is the same—to allow the Debtors

to operate the Facility—and the obligations under each Lease are interrelated. The Leases were entered into on the same day and include provisions referencing and dependent upon the other Lease.

16.     The Leases are for space in adjacent buildings on the same block in Philadelphia, Pennsylvania. Byrne Decl. ¶ 7. Beacon's staff move between the two buildings on a regular basis to treat patients therein. *Id.* at ¶ 8. Landlord would not have agreed to lease one of the properties without Beacon also leasing the other. *Id.* at ¶ 7. The Leases were a vital part of Praesum's acquisition of Beacon and a condition of Landlord's consent thereto. *Id.* at ¶ 6. Moreover, since the inception of the Leases, Beacon (or its predecessor) was required by Landlord to lease the two adjacent properties. *Id.* at ¶ 7.

17.     As such, the Leases, while two separate documents, are one contract and must be assumed or rejected in whole under the Bankruptcy Code.  The Debtors cannot pick and choose to reject only the Tulip Lease in contravention of the Bankruptcy Code and well-established caselaw.

## RESERVATION OF RIGHTS

18.     This Objection is without prejudice to any and all rights and remedies Landlord may have under the Bankruptcy Code, the Lease Documents, or other applicable law, including in connection with the Administrative Expense Motion. Landlord further reserves any and all rights and bases to object to the Motion, whether or not stated herein, and reserves any and all rights to supplement this Objection in all respects.

## RELIEF REQUESTED

19.     Landlord respectfully requests that this Court deny the Motion or, in the

alternative, set the Motion for an evidentiary hearing no earlier than December 1, 2025.[5]

Dated: November 4, 2025

Respectfully submitted,

 /s/ Jessa DeGroote
ICE MILLER LLP
Jessa DeGroote, Esq.
4040 NE 2nd Avenue, Office 328
Miami, Florida 33137
Tel: 317-236-2356
Jessa.Degroote@IceMiller.com

-and-

Aaron L. Casagrande, Esq. (admitted *pro hac vice*)
ICE MILLER LLP
100 Light Street, Suite 2700
Baltimore, Maryland 21202
Tel: 410-951-5876
Fax: 410-951-5879
Email: Aaron.Casagrande@IceMiller.com

-and-

Mason Zurek, Esq. (admitted *pro hac vice*)
ICE MILLER LLP
200 West Madison
Suite 3500
Chicago, IL 60606
Tel: (312) 726-1567
Fax: (312) 726-7102
Email: Mason.Zurek@IceMiller.com

*Counsel to AC HSS Office Ventures I, LLC*

---

[5] Prior to filing this Objection, counsel for Landlord contacted Debtors' counsel and informed them of Landlord's intent to file this Objection and requested that Debtors' counsel stipulate to a discovery and briefing schedule for an evidentiary hearing on the Motion to alleviate the need for the non-evidentiary hearing scheduled for November 5, 2025. On November 4, 2025, Debtors' counsel responded that any such discussion occur after the hearing set for November 5, 2025 should occur after the hearing.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on November 4, 2025, a true and correct copy of the foregoing Objection and documents filed in support thereof were furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service.

*/s/ Jessa DeGroote*
Jessa DeGroote
