# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Praesum Healthcare Services, LLC,　　　Case No. 25-19335--EPK
(Jointly Administered)

　　　　　　　　　　　　　　　　　　　　Chapter 11

Debtors.
_____/

In re:

Beacon Point Recovery Center LLC,　　　Case No. 25-19354--EPK

　　　　　　　　　　　　　　　　　　　　Chapter 11

Debtor .
_____/

### DECLARATION OF JOSEPH BYRNE IN SUPPORT OF AC HSS OFFICE VENTURES I, LLC'S OBJECTION TO DEBTORS' MOTION TO REJECT COMMERCIAL LEASE

I, Joseph Byrne, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am an adult over the age of 18 and am competent to make this declaration.

2. I submit this Declaration in support of AC HSS Office Ventures I, LLC's Objection to Debtors' Motion to Reject Commercial Lease (the "Objection").

3. Through an asset management agreement between AC HSS Office Ventures I, LLC (the "Landlord") and a third-party management entity, I serve as the Managing Principal and President of the Landlord's Asset Manager. In this role, I have been involved in the initial negotiations with, and subsequent oversight of the properties leased to, Beacon Point Recovery Center LLC ("Beacon") by the Landlord located at 2301 E. Allegheny Avenue (pursuant to the "Allegheny Lease") and 3261 Tulip Street, Philadelphia, Pennsylvania (pursuant to the "Tulip Lease"). The Allegheny Lease and Tulip Lease are collectively referred to herein as the "Leases".

4. True and correct copies of the Leases are attached to Landlord's Objection at **Exhibits B** and **C**. Co-debtor Praesum Healthcare Services LLC ("Praesum") guaranteed the Debtor's performance under the Leases pursuant to guaranties. True and correct copies of those guaranties are attached to the Application at **Exhibits D and E**.

5. The facts set forth in this declaration are based upon my personal knowledge and/or my review of the Landlord's business records concerning the Leases, which are kept in the ordinary course of business.

6. The Lease Documents were entered into as part of one comprehensive transaction between Beacon and Landlord to provide a campus for Beacon's operation of a drug and alcohol rehabilitation center in the Philadelphia area. Landlord and Beacon first entered into a lease arrangement for these premises in 2019 and such lease was set to terminate in 2029. Consummation of Praesum's purchase of Beacon from its prior equity owner was conditioned upon entry into the Leases As part of this larger transaction, Praesum and Landlord renegotiated the terms of the Leases extending the term to fifteen years in exchange for reduced Rent during the first five years of the Leases.

7. The Leases are for space in adjacent buildings on the same block in Philadelphia, Pennsylvania. Since the inception of the Leases, Beacon (or its predecessor) was required by Landlord to lease the two adjacent properties. Landlord would not have agreed to lease one of the properties to Beacon without Beacon also leasing the other property.

8. Landlord's entry into the Leases was premised on Beacon operating a single drug and alcohol rehabilitation business in the two adjacent properties. Beacon's staff move between the two buildings on a regular basis to treat patients therein.

9. Because the Leases are for space in two separate buildings with different

operational cost structures, Landlord leased the properties to Beacon through two separate leases with cross-default provisions.

10. Personnel inspected the Tulip Lease premises on the morning of November 3, 2025, and noted, among other things, the following: (i) bedroom, dining, office, and kitchen furnishings remain; (ii) several windows are broken; and (iii) certain HVAC units are inoperable and require repairs. As of the filing of this declaration, Beacon has not tendered the keys to Landlord nor has advised when the premises will be fully vacated.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of November 2025, in Bala Cynwyd, Pennsylvania.

_____
Joseph Byrne