# Exhibit D

## GUARANTY OF LEASE

This Guaranty of Lease is made as of this ___ day of _____, 2023 (hereafter "Effective Date") by Praesum Healthcare Services LLC, a Florida limited liability company (hereafter "Guarantor") with an address of 2328 10th Avenue N, Suite 300, Lake Worth Beach, FL 33461 to and in favor of AC HSS Office Ventures I, LLC, a Delaware limited liability company (hereafter "Landlord") with an address of 3 Bala Plaza East, Suite 201, Bala Cynwyd, PA 19904.

WITNESSETH:

WHEREAS, by Lease Agreement dated _____ _____, 2023 Landlord has leased to Beacon Point Recovery Center, LLC ("Tenant") certain premises on floors 2 through 7 and a portion of the basement in a building located at and known as 2301 E. Allegheny Avenue, Philadelphia, Pennsylvania (the "Lease" which term includes the same as may have been or may hereafter be amended); and

WHEREAS, Landlord has required the Guarantor to execute this Guaranty of Lease ("Guaranty") as a condition the Landlord entering into the Lease with the Tenant; and

WHEREAS, Guarantor will receive direct or indirect benefit from the Tenant entering into the Lease; and

NOW, THEREFORE, in order to induce Landlord to enter into the Lease and for other good and valuable consideration, the undersigned Guarantor hereby agrees as follows:

1. Guarantor hereby, subject to the terms and conditions of this Guaranty, absolutely and unconditionally guarantees to Landlord the full and prompt payment of all base rent and additional rent (collectively "Rent") and any and all other sums and charges payable by Tenant under the Lease and hereby further guarantees the full and timely performance and observance of all of the covenants, terms, conditions and agreements therein provided to be performed and observed by Tenant. In the event of a default under the Lease, Guarantor hereby covenants and agrees with Landlord: (i) to make the due and full punctual payment of all Rent, monies and other charges payable by Tenant under the Lease, including attorneys' fees payable by Tenant to Landlord under the Lease, and (ii) to effect prompt and complete performance of all and each of the terms, covenants, conditions and provisions contained in the Lease on the part of Tenant to be kept, observed and performed. The Guarantor waives notice of any breach or default by Tenant. This Guaranty is a continuing guaranty of payment and performance and is in no way conditional or contingent upon any attempt to collect from Tenant.

2. In the event of a default under the Lease, Guarantor waives any right to require Landlord to: (i) first proceed against Tenant or pursue any rights or remedies with respect to the Lease; (ii) proceed against or exhaust any security that Landlord holds from Tenant; or (iii) pursue any other remedy whatsoever. Landlord shall have the right to enforce this Guaranty regardless of the acceptance of additional security from Tenant and regardless of the release or discharge of Tenant by Landlord or by others, or by operation of law.

1

3. Guarantor hereby expressly waives notice of acceptance of this Guaranty of Lease and all defenses it could assert in respect of suretyship and the bankruptcy of Tenant.

4. Without limiting the generality of the foregoing, the liability of Guarantor under this Guaranty shall not be deemed to have been waived, released, discharged, impaired or affected by (a) reason of any waiver or failure to enforce, delay in enforcing any of the obligations of the Tenant under the Lease, or (b) the granting of any indulgence or extension of time to Tenant, or (c) the assignment of the Lease, or the subletting of the Premises by Tenant, (d) the expiration of the term, or (e) if Tenant holds over beyond the term of the Lease, or (f) any merger or the release or discharge of Tenant in any voluntary or involuntary receivership, bankruptcy, winding-up or other creditors' proceedings, or (g) the rejection, disaffirmance or disclaimer of the Lease by any party in any act ion or proceeding, or (h) the release of any guarantor, or (i) the transfer by Guarantor of any or all of the capital stock of Tenant, and shall continue with respect to the periods prior thereto and thereafter. The liability of the Guarantor shall not be affected by any repossession, re-entry or re-letting of the Premises by Landlord; provided, however, that the net payments received by Landlord after deducting all costs and expenses of repossession and/or reletting the same (including, without limitation, any attorney fees, brokerage fees and any reasonable costs or expenses incurred in redecorating, remodeling, or altering the Premises for reletting), shall be credited from time to time by Landlord to the account of Tenant and Guarantor and Guarantor shall pay any balance owing to Landlord from time to time, immediately upon being given written notice of demand by Landlord in the manner for providing notice set forth in the Lease.

5. The obligations of Guarantor shall not be released by any modification or amendment of the Lease (including any extension or renewal of the term of the Lease), and in the case of any such modification the liability of Guarantor shall be modified in accordance with the term of any such modification of the Lease. Guarantor waives any notice of the modification of the Lease.

6. In the event Landlord files an action against Guarantor in a court of competent jurisdiction to enforce this Guaranty on account of an alleged default by Guarantor, and if Landlord prevails in such action, Guarantor shall pay Landlord's reasonable attorneys' fees and all costs and other expenses incurred in such action and in any collection or attempted collection of money owed by reason of such action. All rights and remedies of Landlord under this Guaranty shall be cumulative and may be exercised singly or concurrently.

7. Until the covenants and conditions in the Lease on Tenant's part to be performed and observed are fully performed and observed, or, if eaelier, all of Guarantor's obligations under this Guaranty shall cease to be in effect as provided in paragraph 15, Guarantor: (i) shall have no right of subrogation against Tenant by reason of any payments or acts of performance by the Guarantor in compliance with the obligations of the Guarantor hereunder; (ii) waives any right to enforce any remedy which Guarantor now or hereafter shall have against Tenant by reason of any one or more payments or acts of performance in compliance with the obligations of Guarantor hereunder; and (iii) subordinates any liability or indebtedness of Tenant now or hereafter held by Guarantor to the obligations of Tenant to the Landlord under the Lease.

8. This instrument may not be changed, modified, discharged or terminated orally or in any manner other than by an agreement in writing signed by Guarantor and the Landlord.

9. All of the terms, agreements and conditions of this Guaranty shall extend to and be binding upon Guarantor, and the heirs, executors, and personal administrators of Guarantor and shall inure to the benefit of and may be enforced by Landlord, its successors and assigns, and the holder of any mortgage to which the Premises may be subject at any time or from time to time. This Guaranty shall continue in full force asnd effect so long as any obligations of liability of Tenant under the Lease shall remain unperformed or unsatisfied (whether or not the Lease shall have been terminated), subject to Paragraph 15 hereof.

10. The use of the singular herein shall include the plural and the use of any gender shall include all genders or neuter as the case may be. This Guaranty shall be governed by the laws of the Commonwealthof Pennsylvania.

**11. As a further inducement to Landlord to make and enter into the Lease Guarantor hereby knowingly and voluntarily waives the right to trial by jury in any action or proceeding that may hereafter be instituted by Landlord against Guarantor with respect to this Guaranty.**

12. If Guarantor consists of more than one person or entity, the liability of each such person or entity hereunder shall be joint and several.

13. If any provision of this Guaranty or the application thereof to any person or circumstances shall for any reason and to any extent, be invalid or unenforceable, the remainder of this Guaranty and the application of that provision to other persons or circumstances shall not be affected but rather shall be enforced to the extent permitted by law. This Guaranty shall be construed without regard to any presumption or other rule requiring construction against the party causing this Guaranty to be drafted.

14. All notices hereunder shall be delivered by certified mail, return receipt requested, or by recognized overnight courier, to the address of the parties first set forth above. All notices shall be effective upon receipt or refusal to accept delivery.

15. Notwithstanding provisions to the contrary in this Guaranty, so long as, as of five years from the date of execution of the lease, there is no outstanding default under the Lease by Tenant, beyond applicable cure periods, this Guaranty and all of Guarantor's obligations under this Guaranty will terminate, cease and be of no further force and effect on such date. In addition, provided that as of the last day of each of the first five (5) Lease Years under the Lease, there is no outstanding default by Tenant under the Lease, beyond applicable cure periods, then the total amount of Rent which is the obligation of Guarantor under this Guaranty shall be reduced by 20% as of each such last day of the applicable Lease Year so long as Tenant Improvements specificied in the Lease are completed; shall those improvement take longer than a Lease year, Tenant must demontrate that they are making commercially reasonable efforts towards those Improvements

Praesum Healthcare Services LLC

By: _____

Its Manager

STATE OF FLORIDA              :
                              : ss.
COUNTY OF PALM BEACH          :

Personally appeared Timothy R. Dozen, Manager of Praesum Healthcare Services, LLC, as aforesaid, signer of the foregoing instrument, and acknowledged the same to be his/her free act and deed as such Manager and the free act and deed of said limited liability company, before me this 16th day of August, 2023.

_____
Notary Public
My Commission Expires: 05.28.26

[Notary Seal: JOHN WHITE II, NOTARY PUBLIC, MY COMMISSION EXPIRES 5-28-2026, STATE OF FLORIDA, COMMISSION NUMBER HH 249414]

4