**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:  Case No. 25-19335-EPK
 Chapter 11
PRAESUM HEALTHCARE SERVICES, LLC,

_____Debtor(s)_____/

**MOTION TO COMPEL PAYMENT OF POSTPETITION RENT OR TO COMPEL REJECTION OF LEASE AND SURRENDER OF LEASED PREMISES**

**Applicable Debtor: Sunrise Detox Cherry Hill, LLC**

Creditor/Landlord SCCH Realty, LLC ("**SCCH**") files this *Motion to Compel Payment of Post-Petition Rent or to Compel Rejection of Lease and Surrender of Leased Premises* and states:

**Background**

1. On August 13, 2025 (the "**Petition Date**"), the Applicable Debtor and the other debtors in this jointly administered case filed voluntary Chapter 11 bankruptcy petitions.

2. The Applicable Debtor is operating as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. SCCH owns the real property located at 1417 Brace Road, Cherry Hill, NJ 08034 (the "Premises").

4. On or about June 26, 2014, SCCH's predecessor-in-interest, Silver Realty Associates, LLC, leased the Premises to the Applicable Debtor. A copy of the Lease and the First Amendment to Lease (collectively, the "**Lease**") is attached as Composite Exhibit A. SCCH subsequently acquired the Premises and assumed the rights and obligations of the landlord under the Lease.

5. The current monthly rent due under the Lease is $37,998.35.

6. Since the Petition Date, the Applicable Debtor has made only one partial post-petition rent payment in the amount of $10,603.23.

7. The total outstanding post-petition rent due is currently $126,681.07[1], calculated as follows:

| | |
|---|---|
| August Stub Rent (8/13-8/31) | $23,289.25 |
| September Rent | $37,998.35 |
| October Rent | $37,998.35 |
| November Rent | $37,998.35 |
| Payment on September 29, 2025 | $ (10,603.23) |
| **Post-petition Balance** | **$126,681.07** |

## Argument

8. 11 U.S.C. § 365(d)(3) states in relevant part:

> The trustee shall timely perform all the obligations of the debtor … arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

The plain language of this provision requires the debtor's immediate payment of all post-petition, pre-rejection obligations under nonresidential real property leases. *See Augusta Mall Partnership v. Twigland Fashions (In re Twigland Fashions, Inc.)*, 198 B.R. 199, 200 (W.D. Tex. 1996) (citing *In re Pacific-Atlantic Trading Co.*, 27 F.3d 401, 404 (9th Cir. 1994)).

9. Under 11 U.S.C. § 365(d)(2), a trustee or Chapter 11 debtor-in-possession may move to assume or reject a lease at any time before plan confirmation but "the court, on the request of any

---

[1] This sum does not include attorneys' fees and costs incurred by SCCH.

party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.").

10. Among a bankruptcy court's remedies to address a debtor's failure to make post-petition payments to a commercial landlord is to shorten the timeframe in which the debtor may assume or reject this lease. *In re Steepologie, LLC*, 2024 WL 117525, *7 (Bankr. W.D. Tex. Jan. 10, 2024) ("If a debtor is lingering for months without paying or if the landlord promptly moves for relief, courts can provide other remedies, such as lifting the automatic stay to permit landlords to seek eviction or shortening the time frame in which debtors may decide whether to assume or reject the contract."). *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1078 (3d Cir. 1992) ("Bankruptcy Code section 365(d)(2) enables a creditor, at any time after a bankruptcy petition is filed, to move the court to compel the debtor's assumption or rejection of an executory contract. Congress intended this provision to prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-à-vis the estate." (internal citation omitted)).

11. Here, the Applicable Debtor has not complied with its statutory obligation under § 365(d)(3) to timely pay post-petition rent. The accumulation of significant post-petition arrearages is causing ongoing prejudice to SCCH and warrants relief.

12. Accordingly, the Court should compel the Applicable Debtor to immediately pay all outstanding post-petition rent or, alternatively, compel the Applicable Debtor to reject the Lease and surrender the Premises.

WHEREFORE, the Debtor requests the Court enter an Order: (a) compelling the Applicable Debtor to immediately pay all outstanding post-petition rent or, alternatively, to reject the Lease and surrender the Premises; and (b) granting such further relief as is just and proper.

Dated: November 17, 2025

                                  Respectfully Submitted,

                                  Lessne Hoffman, PLLC
Counsel for SCCH
100 SE 3rd Avenue, 10th Floor
Fort Lauderdale, FL 33394
T. 954.372.5759
E. mhoffman@lessnehoffman.law

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.: 41164