**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

Praesum Healthcare Services, LLC,[1]    Case No. 25-19335--EPK
(Jointly Administered)
                                        Chapter 11
Debtors.
_____/

In re:

Beacon Point Recovery Center LLC,       Case No. 25-19354--EPK

                                        Chapter 11
Debtor .
_____/

**AC HSS OFFICE VENTURES I, LLC'S OBJECTION TO DEBTORS'**
**EXPEDITED MOTION FOR PRIMING POST-PETITION**
**FINANCING FROM eCAPITAL HEALTHCARE, CORP.**

AC HSS Office Ventures I, LLC ("Landlord"), by and through undersigned counsel, files this objection (the "Objection") in response to the Debtors' *Expedited Motion for Priming*

---

[1] The 28 debtors in these jointly administered cases are: (1) Praesum Healthcare Services, LLC; (2) Evolve Recovery Center, LLC; (3) Evolve Recovery Center at Millbury LLC; (4) Sunrise Detox Alpharetta, LLC; (5) Sunrise Detox Brentwood, LLC; (6) Sunrise Detox Cherry Hill, LLC; (7) Sunrise Detox Duluth, LLC; (8) Sunrise Detox III, LLC; (9) Sunrise Detox Millbury, LLC; (10) Sunrise Detox Orlando, LLC; (11) Sunrise Detox Toms River, LLC; (12) The Counseling Center at Cherry Hill, LLC; (13) The Counseling Center at Clark, LLC; (14) The Counseling Center at Duluth, LLC; (15) The Counseling Center at Fair Lawn, LLC; (16) The Counseling Center at Freehold, LLC; (17) The Counseling Center at Middlesex, LLC; (18) The Counseling Center at Robbinsville, LLC; (19) The Counseling Center at Roswell, LLC; (20) The Counseling Center at Roxbury, LLC; (21) The Counseling Center at Brunswicks, LLC; (22) The Counseling Center at Toms River, LLC; (23) The Counseling Center at WestCaldwell, LLC; (24) The Counseling Center at Yorktown Heights, LLC; (25) Beacon Point Recovery Center LLC; (26) Sunrise Detoxification Center, LLC; (27) Sunrise Detox II, LLC; and (28) The Counseling Center at Millbury, LLC (collectively, the "Debtors").

4916-0177-5482.3

*Post-Petition Financing From eCapital Healthcare, Corp.* [Docket No. 265] (the "Motion"). In support thereof, Landlord respectfully states as follows:

## JURISDICTION AND VENUE

1. The Bankruptcy Court for the Southern District of Florida (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Landlord and Debtor Beacon Point Recovery Center LLC ("Beacon") are party to certain related leases, each dated as of August 28, 2023, governing the premises of (i) 2301 E. Allegheny Avenue, Philadelphia, Pennsylvania 19134 (the "Allegheny Lease") and (ii) 3261 Tulip Street, Philadelphia, Pennsylvania 19134 (the "Tulip Lease", and together with the Allegheny Lease, the "Leases").[2] Debtor Praesum Healthcare Services, LLC ("Praesum") has guaranteed Beacon's performance under the Leases pursuant to certain guaranties, each dated as of August 16, 2023, by Praesum to and in favor of Landlord (together with the Leases, the "Lease Documents").

4. On October 23, 2025, the Debtors filed a Motion seeking to terminate the Tulip Lease [Docket No. 171] (the "Lease Rejection Motion").

5. On October 28, 2025, Landlord filed *AC HSS Office Ventures I, LLC's Motion for Allowance and Payment of Administrative Expense Claims* [Docket No. 192] (the "Administrative Expense Motion" and together with the Lease Rejection Motion, the "Landlord Motions") seeking

---

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings assigned to them in the Leases.

2

4916-0177-5482.3

payment of outstanding post-petition rent due and owing to Landlord and timely remittance of rent going forward. As of the filing of this Objection, accrued administrative expenses due to Landlord are in excess of $570,000.

## **ARGUMENT**

6. Landlord is not opposed to the Debtors' attempt to obtain post-petition financing and, in fact, welcomes such funds to the extent that Debtors do not continue to accrue unpaid administrative expenses during the pendency of these bankruptcy proceedings. Debtors, however, provide relatively scant information in the Motion to reasonably ascertain whether the financing is sufficient (i) to satisfy Landlord's and the numerous other administrative creditors' unpaid claims already requested on the docket and attested to in open court by the Debtors' counsel and (ii) timely pay administrative claims going forward. Nor is it clear from the information provided that the Debtors will actually obtain the needed liquidity to provide the runway to an asset sale or an approved plan if the Motion is approved.

7. First, the Motion includes a "Term Sheet" for the proposed secured superpriority DIP Loan, which includes multiple references to terms "as defined in the DIP Credit Agreement", but a copy of the DIP Credit Agreement is not provided. Parties in interest cannot fully evaluate the relief sought by the Motion without a copy of the proposed DIP Credit Agreement. For instance, Section 10 of the Term Sheet identifies requested financial covenants, including a covenant that accrued but unpaid administrative expenses would trigger a default if they reached a certain threshold. Landlord itself is owed more than $570,000 in unpaid post-petition administrative expenses as of the filing of this opposition and the docket reflects other unpaid administrative claims.

8. Second, the Debtors should be required to provide a copy of the proposed budget so that interested parties may determine if the Debtors shall have sufficient liquidity for

4916-0177-5482.3

the remainder of these chapter 11 cases. Indeed, the Motion references that proceeds made available by the proposed financing would only be permitted to fund items on an "Approved Budget" which is "subject to approval by the DIP Lender in its sole discretion." But, the Debtors do not provide a copy of the "Approved Budget" with the Motion. Nor have the Debtors provided an accounting of accrued but unpaid administrative expenses. To the extent Debtors intend to obtain financing but not pay outstanding administrative expenses nor timely pay administrative expenses moving forward, Landlord objects to the Motion.

9. Third, Landlord notes that Beacon is listed in Exhibit C (later filed at Docket No. 269) as accounting for approximately 15% of the Debtors' total EBITDA. The center operated by Beacon, however, is not included in the Debtors' AR Aging included in Exhibit B to the Motion. Beacon is identified as a proposed Borrower. As the Debtors' borrowing base is stated to be up to 85% of its AR, the failure to include the Debtors' most profitable location is a glaring omission and should be rectified so that parties in interest have a full understanding of the borrowing base.

10. In short, the limited information provided by Debtors to date in seeking approval of the Motion renders it impossible for parties in interest to meaningfully evaluate the Motion. Landlord contacted Debtors' counsel regarding these issues more than 24-hours in advance of the filing of this opposition, which include a request for the missing information identified herein, but received no response.

**RESERVATION OF RIGHTS**

11. This Objection is without prejudice to any and all rights and remedies Landlord may have under the Bankruptcy Code, the Lease Documents, or other applicable law, including in connection with the Landlord Motions. Landlord further reserves any and all rights and

bases to object to the Motion, whether or not stated herein, and reserves any and all rights to supplement this Objection in all respects.

## RELIEF REQUESTED

12. Landlord respectfully requests that this Court deny the Motion until the Debtors provide adequate information for parties in interest with regards to post-petition financing.

Dated: November 19, 2025

                                      Respectfully submitted,

                                      */s/ Jessa DeGroote*
                                    **ICE MILLER LLP**
                                      Jessa DeGroote, Esq.
                                      4040 NE 2nd Avenue, Office 328
                                      Miami, Florida 33137
                                      Tel: 317-236-2356
                                      Jessa.Degroote@IceMiller.com

                                      -and-

                                      Aaron L. Casagrande, Esq. (admitted *pro hac vice*)
                                      **ICE MILLER LLP**
                                      100 Light Street, Suite 2700
                                      Baltimore, Maryland 21202
                                      Tel: 410-951-5876
                                      Fax: 410-951-5879
                                      Email: Aaron.Casagrande@IceMiller.com

                                      -and-

                                      Mason Zurek, Esq. (admitted *pro hac vice*)
                                      **ICE MILLER LLP**
                                      200 West Madison
                                      Suite 3500
                                      Chicago, IL 60606
                                      Tel: (312) 726-1567
                                      Fax: (312) 726-7102
                                      Email: Mason.Zurek@IceMiller.com

                                      *Counsel to AC HSS Office Ventures I, LLC*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that, on November 19, 2025, a true and correct copy of the foregoing Objection and documents filed in support thereof were furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service.

                                                          */s/ Jessa DeGroote*
                                                           Jessa DeGroote

4916-0177-5482.3